[No. 1,816.]

THE CENTRAL PACIFIC RAILROAD COMPANY v. THE BOARD OF EQUALIZATION OF PLACER COUNTY.

CASES IN WHICH CERTIORARI WILL LIE.—The only cases in which the writ of certiorari will lie are those in which an inferior tribunal, Board, or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, Board, or officer, and there is no appeal, nor, in the judgment of the Court, any plain, speedy, and adequate remedy.

JURISDICTION—CONSTRUCTION OF STATUTE.—The words in section four hundred and fifty-six of the Practice Act "has exceeded the jurisdiction of such tribunal, Board," etc., present substantially the same idea as the words "has regularly pursued the authority of such tribunal, Board," etc., in section four hundred and sixty-two of that Act.

DEFINITION OF JURISDICTION.—The general definition of jurisdiction is the power to hear and determine, and, as applied to a particular claim or controversy, is the power to hear and determine that controversy.

ERROR AS TO REASONS AND EVIDENCE NOT TO BE REVIEWED UPON CERTIORARI.—Erroneous views entertained, or incorrect reasons assigned, or evidence erroneously admitted in deciding the controversy, do not make a case of want of jurisdiction, and are not to be considered upon certiorari.

CERTIORARI to the Board of Supervisors of Placer County, sitting as a Board for the equalization of taxes.

The plaintiff is the owner of forty and one half miles of railroad in Placer County. The property was valued by the Assessors at twelve thousand dollars per mile, and the plaintiff applied to the defendant to reduce the valuation to six thousand dollars per mile.

The other facts are stated in the opinion.

[For reports of a similar proceeding between the same parties, see 32 Cal. 582 and 34 Cal. 352.]

*S. W. Sanderson*, for Petitioner, argued that the review of the proceedings of the inferior tribunal is not to be confined to the bare question whether the subject matter, as a whole, or the parties, or either of them, were within or without the jurisdiction, but must extend to all questions affecting the

mode in which the jurisdiction or the power of the inferior tribunal has been exercised. He also argued that section four hundred and sixty-two of the Practice Act should be construed as enlarging the meaning of section four hundred and fifty-six so as to give a united meaning, to the effect that the review may extend far enough to determine whether the subject matter and the parties were such as the inferior tribunal had authority to deal with, and whether it dealt with them in the manner authorized by law. (*Nible* v. *Post's Administrators*, 25 Wend. 291, and cases cited in brief in that case; *Rathbun* v. *Sawyer*, 15 Wend. 451; *Morehouse* v. *Hollister*, 2 Seld. 324; *Whitney* v. *Board of Delegates of San Francisco Fire Department*, 14 Cal. 500; *Lowe* v. *Alexander*, 15 Cal. 300; *Blair* v. *Hamilton*, 32 Cal. 49.)

*T. B. McFarland* and *E. L. Craig*, for Respondent, argued that the writ of certiorari can be granted only where the jurisdiction of the inferior tribunal has been exceeded, and that mere error committed in ruling upon the admissibility of evidence by such tribunal, having full power and authority to hear and determine a matter, is not an excess of jurisdiction within the meaning of the Practice Act. (*Ex Parte Hanson*, 2 Cal. 263; *Clay* v. *Hoagland*, 5 Cal. 476; *Coulter* v. *Stark*, 7 Cal. 244; *Whitney* v. *Board of Delegates*, 14 Cal. 479; *Comstock* v. *Clemens*, 19 Cal. 7; *People* v. *Burney*, 29 Cal. 459; *People* v. *Dwinelle*, 29 Cal. 632; *People* v. *Johnson*, 30 Cal. 98; *Winter* v. *Fitzpatrick*, 35 Cal. 269.)

By the Court, Wallace, C. J.:

This is an application made to this Court for a writ of certiorari to review the proceedings of the Board in the valuation of the railroad of the Central Pacific Railroad Company, in Placer County. The proceedings instituted before the Board, and to review which is the purpose of the present application, were proceedings commenced there by

the railroad company, by .its petition filed, praying the Board to reduce the amount at which the respective Assessors of the several revenue districts of Placer County had fixed the taxable value of said road. The Board, after a hearing, denied the petition.

The office of the writ of certiorari in this State is defined by statute (Pr. Act, Sec. 456), and only embraces cases in which "an inferior tribunal, Board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, Board, or officer, and there is no appeal, nor, in the judgment of the Court, any plain, speedy, and adequate remedy." These are the only cases in which the writ lies, and upon its return the sole inquiry to be made is "whether the inferior tribunal, Board, or officer, has regularly pursued the authority of such tribunal, Board, or officer." (Sec. 462.) "*Has exceeded the jurisdiction of such tribunal, Board,*" etc., and "*has regularly pursued the authority of such tribunal, Board,*" etc., as expressed in these two respective sections of the Practice Act, present substantially the same idea. Mere irregularity intervening in the exercise of an admitted jurisdiction—mere mistakes of law committed in conducting the proceedings in an inquiry which the Board had authority to entertain—as, for instance, the admission of evidence not the best in degree, or not applicable to the issue in hand, are not to be considered here upon certiorari, otherwise that writ is to be turned into a writ of error.

That the Board of Equalization of the County of Placer had authority in the first instance to entertain the complaint made to them by the railroad company in this case is not questioned. It is claimed, however, that the Board, in determining the assessable value of the railroad proper, received and acted upon certain illegal evidence adduced before it by the people who resisted the application of the railroad company for a reduction of the valuation of their road. This evidence concerned the amount of *profits* which

had been earned by the road in the prosecution of its business.

The valuation which the Assessor had placed upon the property of the road was not disturbed by the Board—no affirmative action was taken by it—it simply refused to disturb that which had already been done by the Assessor, and left unchanged the valuation he had made.

It is now claimed that in this respect the Board *exceeded its jurisdiction—that it did not regularly pursue its authority* in the premises.

Jurisdiction is the power to hear and determine—this is its general definition. Jurisdiction, as applied to a particular claim or controversy, is the power to hear and determine that controversy.

The mere grounds upon which the determination is reached may or may not be correct in themselves. These may be supported by evidence inadmissible when tested by the rules governing the introduction of evidence. The reasons given for the conclusion arrived at may or may not be such as address themselves to the judgment of others; but erroneous views entertained, or incorrect reasons assigned, or evidence erroneously admitted in deciding the controversy, do not make a case of want of jurisdiction. The judgment of the Board of Equalization upon the question of valuation involved was the purpose, and the lawful purpose, had in view by the railroad company when it presented its petition before it praying a reduction of valuation. The judgment of the Board upon that question was obtained. That judgment was to the effect that no reduction ought to be made. The company now come here to say that in arriving at that particular judgment the Board exceeded its powers. The proposition then is, that if a question of valuation be brought before the Board, and it determine it one way—that is, reduce the valuation—then it is a determination within its jurisdiction to make; but if it determine it