[No. 4803.]

## THE PEOPLE ex rel. THE PACIFIC MAIL STEAMSHIP COMPANY *v.* THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO.

Power of Board of Equalization.—The Board of Supervisors, sitting as a board for the equalization of taxes, does not exceed its jurisdiction by refusing to accede to an application to reduce the assessed valuation of property.

Idem.—Such board has no power to strike out from an assessment, made by the assessor, property assessed by him.

Application to the Supreme Court for writ of review.

The Pacific Mail Steamship Company was a corporation, organized and having its principal place of business in the city of New York, State of New York. Its principal business was running lines of steamers between the city of New York and Aspinwall, and between Panama and San Francisco, and between the latter place and China. Among other steamers, it owned the Alaska, Arizona, City of Pekin, City of Tokio, Colima, Costa Rica, Colorado, Constitution, City of Panama, Dacota, Great Republic, Golden Age, Grenada, Montana, Moses Taylor, and Nevada; which were used in navigating the Pacific Ocean. Three of these steamships, the Costa Rica, Golden Age, and Nevada, had not been in San Francisco for one year prior to July, 1875, and the others were there temporarily, when arriving with cargo and passengers. The vessels were registered in New York, and the capital stock of the corporation was taxed there. The ships were assessed by the Assessor of San Francisco, for the year 1875, for the sum of $4,665,000. July 10, 1875, the corporation petitioned the Board of Supervisors, sitting as a board of equalization for the city and county aforesaid, "for a reduction of the said assessment, by striking out from said assessment all of said steamships." The board denied the application. The company obtained a writ to review the proceedings of the board upon its said application.

*Delos Lake,* for the Relator.

By the Court:

If the petition presented to the board is to be regarded as an application to reduce the valuation of the property assessed, the board, in refusing to accede to the prayer of the relator, did not exceed its jurisdiction. Its action was merely *negative* in its character. (*C. P. R. R. Co.* v. *The Board of Equalization of Placer County,* 43 Cal. 365.) If, however, the petition is to be regarded as an application made to the board to strike the steamships in question from

the assessment list, as not being proper subjects of taxation, it is clear that, had the board acceded to the petition, it would have exceeded its jurisdiction. (*People* v. *Ashbury*, 46 Cal. 523.) In either view, therefore, *no excess of jurisdiction appears*, and in either view the writ must be dismissed. We have been urged by counsel to determine upon the merits of the question intended to be presented in the case, whether steamships registered in the port of New York, owned by a corporation created by the laws of the State of New York, and having its habitat and place of business there, are the subject of taxation under the revenue laws of this State. But as under the views already announced the writ must be dismissed, the expression of an opinion by us upon the question referred to becomes unnecessary.

Writ dismissed.