[No. 7,118.—Department One.]

## A. TOWNSEND *v.* H. C. COPELAND ET AL.

CERTIORARI—MANDAMUS.—The writ of *certiorari* cannot be made to serve the purpose of the writ of *mandamus.*

ID.—JUDICIAL ACT—DEFINITION.—The action of a board of supervisors in rejecting a bid for county printing is not judicial in the nature, and therefore cannot be reviewed by *certiorari.*

APPEAL from a judgment for the plaintiff, in the Superior Court of the County of Tehama. LEWIS, J.

*Chipman & Garter,* for Appellants.

The board acted within its jurisdiction, and regularly pursued its authority. That act cannot be reviewed in this proceeding, even if there was error in performing it. ( *Whitney* v.

*Board of Delegates,* 14 Cal. 497 ; *People* v. *Dwinell,* 29 id. 632; *People* v. *Burney,* 29 id. 459; *People* v. *Elkins,* 40 id. 642; *Barber* v. *S. F.* 42 id. 630 ; *C. P. R. R. Co.* v. *Placer Co.* 43 id. 365 ; *Monreal* v. *Bush,* 46 id. 79; *Reynolds* v. *County Court,* 47 id. 604; *People* v. *Hagar,* 52 id. 182; *Andrews* v. *Pratt,* 44 id. 318; *C. P. R. R. Co.* v. *Placer Co.* 46 id. 670 ; *P. M. S. S. Co.* v. *B. of S.* 50 id. 283.)

But the act of the board in awarding a contract is not judicial, but legislative, and *certiorari* does not lie to review it. (*People. ex rel. Cochran* v. *B. of E. of Oakland,* 54 Cal. 375; *Lane* v. *Doe et al,* 3 Scam. (Ill.) 238; *Sinking Fund Cases,* 99 U. S. 761.)

*J. F. Ellison,* for Respondent.

The board were exercising judicial functions. (*People* v. *El Dorado Co.* 8 Cal. 61; *People* v. *Marin Co.* 10 id. 345; *Whitney* v. *Board of Delegates,* 14 id. 494 ; *Miller* v. *Sacramento Co.* 25 id. 97 ; *Damrell* v. *San Joaquin Co.* 40 id. 154; *Tilden* v. *Sacramento Co.* 41 id. 69 ; *Spring Valley Waterworks* v. *Bryant,* 52 id. 138; *Maxwell* v. *Stanislaus Co.* 53 id. 389; *People ex rel. Cochran* v. *Board of Education of Oakland,* 54 id. 375; *Sinking Fund Cases,* 99 U. S. 761.)

No one can for a moment suppose that the board, in determining who had put in the lowest bid, were making law or acting in a legislative capacity.

The board, in awarding the contract to J. H. Pryor, and rejecting the bid of A. Townsend, exceeded their jurisdiction. (Political Code, § 4064; *People* v. *Turner,* 1 Cal. 156; *People* v. *El Dorado Co.* 8 id. 61; *People* v. *El Dorado Co.* 11 id. 171; *People* v. *Marin Co.* 10 id. 345; *Whitney* v. *Board of Delegates,* 14 id. 494; *Murry* v. *Mariposa Co.* 23 id. 494; *Miller* v. *Sacramento Co.* 25 id. 97; *Damrell* v. *San Joaquin Co.* 40 id. 154; *C. P. R. R. Co.* v. *Placer Co.* 43 id. 367 ; *Maxwell* v. *Stanislaus Co.* 53 id. 389; *McCoy* v. *Briant,* 53 id. 250; *Argenti* v. *San Francisco,* 16 id. 283; *McCracken* v. *San Francisco,* 16 id. 620; *Zottman* v. *San Francisco,* 20 id. 102; *Murphy* v. *Napa Co.* 20 id. 503; *French* v. *Teschemaker et al,* 24 id. 550; *Herzo* v. *San Francisco,* 33 id. 145; *People* v. *Tomlinson,* 35 id. 507.)

MORRISON, C. J.:

This was a proceeding by *certiorari* to review the action of the defendants, acting as the board of supervisors of Tehama County, in awarding a certain contract to one Pryor.

On the 4th day of November, 1879, said board made an order directing its clerk to advertise for bids to do the county printing from February 1st, 1880, to February 1st, 1881; and in pursuance of such order, a notice was given that sealed proposals would be received for doing such printing on or before December 1st, 1879. On the last-named day, two sealed proposals to do said printing were filed in the office of the clerk of the board, one of which was the bid of Pryor, and the other the bid of the plaintiff Townsend, the former offering to do said printing for the price of two hundred and fifty dollars, and the latter proposing to do the same for five cents. Townsend's bid was rejected by the board, on the ground that "the same was not a bid"; and Pryor's bid being accepted, the contract was awarded to him. Townsend then applied to the Superior Court of Tehama County for a writ of *certiorari*, and that Court, by its judgment, ordered and adjudged as follows:

"It is therefore ordered, adjudged, and decreed, that the acts of the board of supervisors of Tehama County, of the 2d day of December, 1879, in awarding a contract for county printing to J. H. Pryor for one year from the 1st day of February, 1880, for the sum of two hundred and fifty dollars; and also the act of said board of supervisors, of the same day, in declaring that the bid of A. Townsend was not a bid, and the order rejecting the same—be canceled, set aside, and declared null and void, and that said board of supervisors be ordered at their first meeting to award the contract for county printing from the 1st day of February, 1880, to A. Townsend, under his said bid for the sum of five cents, upon his executing a good and sufficient bond for faithful performance of work under said contract."

It is perfectly obvious that the portion of the above judgment which orders the board to award the contract to Townsend is erroneous, and cannot be sustained. Section 1075 of the Code of Civil Procedure, relating to this writ, provides, that, when a full return has been made, the Court must hear the parties,

"and may thereupon give judgment either affirming, or annulling, or modifying the proceedings below." It was not competent, therefore, for the Court to make the writ of *certiorari* subserve the purpose of a writ of mandamus, which it did, by its judgment in this case.

But is this a proper case to be reviewed by this proceeding? The writ can only issue "when an inferior tribunal, board, or officer, *exercising judicial functions*, has exceeded the jurisdiction of such tribunal, board, or officer"; and was the action of the board of supervisors, in rejecting the bid of the plaintiff and awarding the contract to Pryor, of a judicial nature, and an act in excess of its jurisdiction?

The board, in determining to whom the contract should be awarded, was absolutely obliged to award the contract to the lowest bidder, or it had a right to exercise its discretion in the matter. If it was obliged to give the contract to the lowest bidder, it follows that there was nothing in the power which was judicial in its nature, but it was purely ministerial. If, on the other hand, the board possessed a discretionary power in the premises, the most that can be said against its action is, that it was erroneous, and not an act in excess of its jurisdiction. In neither case is *certiorari* the proper remedy. (*The Central Pacific Railroad Company* v. *The Board of Equalization of Placer County*, 43 Cal. 365; *Andrews* v. *Pratt*, 44 id. 309.)

Judgment reversed, and the Superior Court is hereby directed to dismiss the writ.

ROSS, J., concurred.

McKINSTRY, J., concurring specially:

I concur in the judgment.