[S. F. No. 80.   Department One.—August 7, 1896.]

JULIUS QUINCHARD, RESPONDENT, v. BOARD OF TRUSTEES OF ALAMEDA ET AL., APPELLANTS.

CERTIORARI—OFFICE OF WRIT—CLOUD UPON TITLE—LEGISLATIVE ACTION— ORDER FOR STREET IMPROVEMENT—DISCRETION.—The writ of *certiorari* can only be allowed in this state to review the exercise of judicial functions when the jurisdiction of an inferior tribunal, board, or officer is exceeded, and cannot be used as a substitute for an action to remove a cloud from a title, nor to review legislative acts, such as an order for a street improvement, which does not cease to be legislative in its character merely because the members of the city council are required to exercise their judgment and discretion in determining whether the improvement shall be made.

ID.—MISJOINDER OF PARTIES.—In a proceeding to review the action of a municipal council, in reference to a street improvement, it is improper to join the superintendent of streets and the street contractor as parties defendant.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. GREENE, F. W. HENSHAW, and JOHN ELLSWORTH, Judges.

The facts are stated in the opinion of the court.

*Chickering, Thomas & Gregory, Edward K. Taylor, C. T. H. Palmer*, and *C. Harding Tebbs*, for Appellants.

The writ of *certiorari* does not lie except when an inferior tribunal, board, or officer exercising judicial functions has exceeded its jurisdiction. (Code Civ. Proc., sec. 1068; *People ex rel. De Fries* v. *Supervisors of Marin County*, 10 Cal. 345; *Spring Valley Water Works* v. *Bryant*, 52 Cal. 132; *People* v. *Board of Health*, 33 Barb. 344; *Lamb* v. *Schottler*, 54 Cal. 319.) The fact that the board of trustees had to exercise a discretion before passing its resolution ordering the work done does not determine the judicial character of the resolution. (*People* v. *Board of Health, supra; People* v. *Oakland Board of Education*, 54 Cal. 375; *Sinking-Fund cases*, 99 U. S. 761; *Wulzen* v. *Board of Supervisors*, 101 Cal. 23; 40 Am. St. Rep. 17; *People* v. *Walter*, 68 N. Y. 410; *People* v. *Board of Commrs.*, 97 N. Y. 43.) All determinations of the character and necessity for street work and the power of assessment are legislative. (*Bolton* v. *Gilleran*, 105 Cal. 248; 45 Am. St. Rep. 33; *Creighton* v. *Manson*, 27 Cal. 613; *De Witt* v. *Duncan*, 46 Cal. 342; *Williams* v. *Board of Supervisors*, 65 Cal. 160; *People* v. *Bush*, 40 Cal. 346; *Bixler* v. *County of Sacramento*, 59 Cal. 698.) As the street act provides for an appeal from the assessment made by the superintendent of streets, to the board, *certiorari* does not lie. (Civ. Code, sec. 1068.) It is immaterial whether the officer is in judicial or ministerial function when he makes figures and apportions the assessment under statutory rules. (*Bolton* v. *Gilleran, supra.*) As respondent has a plain, speedy, and adequate remedy, *certiorari* does not lie. (Code Civ. Proc., sec. 1068; *Merriman* v. *Walton*, 105 Cal. 408; 45 Am. St.

Rep. 50; *Bolton* v. *Gilleran, supra; Turney* v. *Dougherty*, 53 Cal. 619; *Davies* v. *Los Angeles*, 86 Cal. 39.)

*R. M. Soto*, for Respondent.

The board exercises judicial functions in making the order directing the work to be done, because in determining the necessity therefor judgment is required, and because the order is one which affects property. (*People* v. *Board*, 54 Cal. 375; *Dougherty* v. *Foley*, 32 Cal. 402; *Fall* v. *Paine*, 23 Cal. 302; *Spaulding* v. *Homestead etc. Assn.*, 87 Cal. 45; *Bryant* v. *Robbins*, 70 Wis. 258; *Partridge* v. *Lucas*, 99 Cal. 519; *Emery* v. *San Francisco Gas Co.*, 28 Cal. 346; *West Jersey etc. Co.* v. *Board of Public Works*, 57 N. J. L. 313; *Delphi* v. *Evans*, 36 Ind. 90; 10 Am. Rep. 12.) It also acts judicially in awarding the contract. (*Hoole* v. *Kinkead*, 16 Nev. 217, 220–22; *McGovern* v. *Board etc.*, 57 N. J. L. 580; *Frame* v. *Felix*, 167 Pa. St. 47, and cases there cited; *Interstate etc. Co.* v. *Philadelphia*, 164 Pa. St. 477, and cases there cited; *Connolly* v. *Board etc.*, 57 N. J. L. 286, and cases there cited; *State* v. *Rickards*, 16 Mont. 145; 50 Am. St. Rep. 476.) In making the assessment the superintendent of streets acts judicially. In accepting the work when completed, and in apportioning the total cost, he is called on to determine questions of fact to which he must of necessity apply the law. (*Emery* v. *Bradford*, 29 Cal. 75; *McLaughlin* v. *Miller*, 124 N. Y. 510; *Tripler* v. *Mayor*, 125 N. Y. 617; *People* v. *New Rochelle*, 83 Hun, 185; 31 N. Y. Supp. 592; *Williams* v. *Bergin*, 108 Cal. 166; *Mutual Life Ins. Co.* v. *Mayor etc.*, 144 N. Y. 494; *West Jersey etc. Co.* v. *Board of Public Works, supra; McLaughlin* v. *Miller, supra.*) Inasmuch as there was no appeal whereby to review the acts of the board of trustees or of the street superintendent, *certiorari* was the only remedy left open to respondent. (*Capron* v. *Hitchcock*, 98 Cal. 427; *Brock* v. *Luning*, 89 Cal. 316; *Ryan* v. *Altschul*, 103 Cal. 174; *Treanor* v. *Houghton*, 103 Cal. 53; *Weber* v. *Stagray*, 75 Mich. 32; *Fahey* v. *Mottu*, 67 Md. 250; *Dougherty* v. *Coffin*, 69 Cal. 454; *McMinn* v. *Whelan*,

27 Cal. 300; *Wallace* v. *Mayor,* 29 Cal. 181; *Wheeler* v. *Bedford,* 54 Conn. 244; *Ames* v. *Union Pac. Ry. Co.,* 64 Fed. Rep. 165; *California etc. Ry. Co.* v. *Central Pac. Ry. Co.,* 47 Cal. 528; *Bolton* v. *Gilleran,* 105 Cal. 244; 45 Am. St. Rep. 33; *Bradley* v. *Fallbrook Irr. Dist.,* 68 Fed. Rep. 948.)

HARRISON, J.—The plaintiff obtained a writ of review from the superior court for the purpose of annulling an order passed by the board of trustees of Alameda for the improvement of a certain street in that city, and all subsequent proceedings in reference thereto. Upon the return to the writ, and after a hearing thereon, the court rendered its judgment annulling the order for the improvement, " and that all acts or proceedings taken or had, done or performed, by the said board of trustees, and by the said superintendent of streets, respondents, subsequent to the said twenty-third day of March, 1891, appearing in and by the returns herein, be and the same are hereby annulled and held for naught." From this judgment ·the respondents to the writ have appealed.

The plaintiff does not contend that the resolution of intention to order the improvement is insufficient, or that it was not properly passed by the board of trustees, or that the notices and other proceedings required by the street improvement act in order to give to the board of trustees jurisdiction to order the improvement were not properly given; but it is claimed that the proceedings subsequent thereto were of such a character as to vitiate the order, as well as the contract for doing the work and the assessment issued therefor. Counsel have discussed very fully the sufficiency of these subsequent proceedings, but from the conclusion we have reached upon the proposition of the appellants that the writ was improperly issued, it is unnecessary to pass upon the sufficiency of these proceedings.

At common law the writ of *certiorari* was employed for the purpose of reviewing the proceedings of inferior

tribunals in their exercise of judicial powers, and was issued in cases where the final determinations of those tribunals were not subject to review in any other mode. The writ was considered an extraordinary legal remedy, and was issued in the discretion of the court, and only when there was no other mode of review. This discretion, however, was not arbitrary, but was only a legal discretion controlled by principles of law, and, if improperly exercised, was subject to be corrected on appeal. (*Supervisors* v. *Magoon,* 109 Ill. 142.) As a street assessment in this state can be collected only by means of foreclosure in a court of record, and as the facts relied upon by the plaintiff herein would be available in defense of such action, and if deemed sufficient to establish a want of jurisdiction either for ordering the improvement or awarding the contract, would defeat the action, the discretion of the court would have been properly exercised in denying the writ. (*Spooner* v. *Seattle,* 6 Wash. 370; *People* v. *Myers,* 135 N. Y. 465.) The writ should never be employed as a substitute for an action to remove a cloud from a title.

The scope of the writ has been limited in this state by the provisions of section 1068 of the Code of Civil Procedure, and it is to be issued only "when an inferior tribunal, board, or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor in the judgment of the court any plain, speedy, and adequate remedy;" and by section 1074: " The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer. In *Central Pac. R. R. Co.* v. *Placer County,* 43 Cal. 365, it was held that the clause in section 1074, "whether the inferior tribunal has regularly pursued the authority of such tribunal," is to be construed as the equivalent of the clause " has exceeded the jurisdiction of such tribunal" in section 1068. The character of the act or determination sought to be reviewed, rather than of the tribunal or officer by which

the act or determination is made, is the test for determin-
ing whether the writ should be issued, for it is only a
determination which is made " when exercising judicial
functions " that can be reviewed.   " The officer or tri-
bunal to whom the writ of *certiorari* is issued must be an
inferior officer or tribunal exercising judicial functions,
and the proceeding to be brought up for review must
be a judicial proceeding."   (*People* v. *Bush,* 40 Cal. 344.)

The functions exercised by a municipal corporation
may be legislative, administrative, or judicial, but only
the acts done by it "when exercising judicial functions"
can be reviewed under this procedure.   " This writ does
not lie under the laws to. review the action of any tri-
bunal, board, or officer in the exercise of functions which
are legislative in their character."   (*People* v. *Oakland
Board of Education,* 54 Cal. 375.)   Whether an existing
street shall be improved, is a question to be addressed
to the governing body of a municipality in its legisla-
tive capacity, and its determination upon that ques-
tion, as well as upon the character of the improvement
to be made, is a legislative act.   (Dillon on Municipal
Corporations, secs. 94, 927; *Creighton* v. *Manson,* 27
Cal. 613; *De Witt* v. *Duncan,* 46 Cal. 343; *Bolton* v.
*Gilleran,* 105 Cal. 244; 45 Am. St. Rep. 33.)   The act
does not cease to be legislative because the members
of the city council are required to exercise their judg-
ment in determining whether the improvement shall
be made.   The judgment which they exercise in order-
ing the improvement is not a determination of the
rights of an individual under existing laws, but is
the conclusion or opinion which they form in the
exercise of the discretionary power that has been in-
trusted to them, and upon a consideration of the public
welfare and demands for which they are to provide.
This discretion and opinion is a part of the legislative
power that has been conferred upon the city, and is of
the same character as that exercised by the legislature
itself in providing for the general welfare of the state,
and is equally independent of supervision by the judici-

ary.   The adoption by the city council of an order for the improvement of a street is not in the nature of a judgment which is binding upon the city, but is merely the declaration of a purpose, and is only a step taken by it in contemplation of the improvement, from which it may recede at any time before a contract for the improvement has been awarded.   The fact that a public agent exercises judgment and discretion in the performance of his duties does not make his action or powers judicial in their character.   (*People* v. *Walter*, 68 N. Y. 403; *People* v. *Board of Commrs.*, 97 N. Y. 37; *In re Wilson*, 32 Minn. 145.)   The distinction between a judicial and a legislative act was pointed out by Field, J., in *Sinking-Fund cases*, 99 U. S. 761, as follows: "The one determines what the law is, and what the rights of parties are with reference to transactions already had; the other prescribes what the law shall be in future cases arising under it."   In *People* v. *Oakland Board of Education*, *supra*, this rule was accepted by this court as correct, and it was said with reference to the matter then before the court: "The board acted upon the proposition before it as one of policy or expediency, aiming to adopt that which in its judgment would be best for the constituency which it represented.   Its action was then political or legislative, and was in no proper sense judicial in its character.   It is conceded that the board exercised its judgment in the action which it took, but this it was called to do in the exercise of its legislative functions.   It is apparent that the exercise of judgment is not the criterion by which this proceeding must be viewed to determine its character.   To render it the exercise of a judicial function, its judgment must act in a matter which is judicial in the sense above indicated."   In the opinion given by Mr. Justice McKinstry, in *Spring Valley Water Works* v. *Bryant*, 52 Cal. 132, this subject received an extended examination, and it was said: "From the foregoing and other cases heretofore decided it sufficiently appears that it has always been considered by this court that the office of *certiorari* is to

bring here for review the proceedings of governmental boards exercising a mixed authority, only when the matter is one in which they have acted judicially." (See, also, *People* v. *Supervisors*, 25 Hun, 131; *Matter of Mt. Morris Square*, 2 Hill. 14; *People* v. *Board of Health*, 33 Barb. 344; *People* v. *Supervisors*, 43 Barb. 232; *Townsend* v. *Copeland*, 56 Cal. 612.)   Under the provisions of the street assessment act, the proceedings of the city council for the improvement of a street—the resolution of intention, the order directing the improvement, the invitation for proposals, the award of the contract—are all legislative in character.   With the award of the contract, unless there shall afterward be an appeal from some act of the superintendent of streets, the functions of the council cease and those of the superintendent begin.   His acts—the entering into the contract, the acceptance of the bond, the fixing the time for performing the contract, the acceptance of the work and the making of the assessment—are ministerial in their character, and do not call for the exercise of judicial functions.

Although the question has not been discussed by counsel, we do not wish to be understood as sanctioning, even by silence, the practice herein adopted by the plaintiff in joining with the board of trustees, in the writ, the superintendent of streets and the contractor. The statute provides that the writ is to be directed to the inferior tribunal, board, or officer, or to any other person having the custody of the record or proceedings to be certified (Code Civ. Proc., sec. 1070), and, as the review is limited to examining the jurisdiction of the board or officer to whom the writ is issued, there is a manifest impropriety in joining in the same proceeding tribunals or officers who exercise a jurisdiction separate and distinct from each other.   Jurisdiction is in its nature an entirety, and exclusive in the body or person upon whom it has been conferred, and a writ of *certiorari* directed to different officers having no joint or common duties, but acting each independently of the

other, is unauthorized. (*People* v. *Walter, supra; Starr* v. *Rochester,* 6 Wend. 564.)    In the matter sought to be reviewed the functions of the superintendent of streets and of the board of trustees are entirely distinct, and that officer should not have been included in the writ. It is difficult to see upon what grounds the contractor was joined with the others, as no jurisdiction is exercised by him, and he did not even make any return to the writ.    The superintendent of streets can exercise no jurisdiction until after the board of trustees have by their acts conferred such jurisdiction upon him, and the jurisdiction which he exercises is distinct from that exercised by the trustees.    An appeal may be taken to them from the assessment made by him, and from other acts or determinations of his.    Upon such appeal the city council for the first time exercises judicial functions (see *Barber* v. *San Francisco,* 42 Cal. 630); but the making of the assessment by the superintendent is but a clerical or ministerial act.    Under the system adopted in this state the assessment consists merely in an apportionment of the expenses of the work upon the land fronting thereon.    The rule for this apportionment has been fixed by the legislature, and the superintendent of streets in making the assessment is not in the exercise of any judgment or discretion, but merely performs the clerical functions of making an arithmetical computation of the amount to be charged against each lot.    (*Bolton* v. *Gilleran, supra.*)    The cases cited from other states, where the assessment upon each lot is to be made according to the benefits which that lot has received from the improvement, and in which it has been held that the parties to be affected by his acts are entitled to notice and an opportunity to be heard before a legal charge can be made against their property, are, therefore, inapplicable.    The statute, moreover, provides for an appeal to the city council from the act of the superintendent in making the assessment, and thus by express terms takes away the right to invoke the aid of a court to set aside the assessment by

means of a writ of review. (*Wright* v. *Highway Comm'rs.*, 150 Ill. 138; *People* v. *Thayer*, 88 Hun, 136.) In the present case such appeal was taken and the assessment affirmed.

The judgment is reversed, and the superior court is directed to dismiss the writ.

GAROUTTE, J., and VAN FLEET, J., concurred.