[L. A. No. 359. In Bank.—March 27, 1899.]

GEORGE W. FRASHER, Appellant, v. FRANK RADER et al., Respondents.

CERTIORARI—OFFICE OF WRIT.—The writ of *certiorari* runs to review the action of an inferior tribunal exercising judicial functions only upon a showing that such tribunal has exceeded its jurisdiction, and that the legal remedies in the case are inadequate. It cannot to be used to review legislative, executive, or ministerial acts, nor the acts of a judicial tribunal in the exercise of its discretion.

ID.—NONJUDICIAL ACTION OF FIRE COMMISSIONERS — PERMIT TO BUILD BLACKSMITH SHOP—REQUIREMENTS OF ORDINANCE.—The action of the board of fire commissioners of Los Angeles in determining, under the requirements of a municipal ordinance, whether three-fourths of the property owners of the block have petitioned for a permit to build a blacksmith shop in the block, and in deciding whether to grant or refuse the permit, is not judicial, but is ministerial and discretionary; and its action in granting such permit is not subject to review on *certiorari*, notwithstanding the petition for the writ avers that three-fourths of the property owners in the block did not petition for the permit.

ID.—JUDICIAL AND NONJUDICIAL DECISIONS.—Decisions, to be judicial, must declare the law, and define the rights of the parties under it. The decisions of political, executive, legislative and ministerial boards, bodies, and officers, in the exercise of their judgments, respecting the conduct of matters intrusted to them, and determining the existence or nonexistence of facts, are not judgments pronounced by a judicial tribunal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, for Appellant.

W. E. Dunn, for Respondents.

HENSHAW, J.—The defendants, constituting the board of fire commissioners of the city of Los Ángeles, granted Dennison and Tucker permission to build a blacksmith shop upon a certain piece of land within the city. Under the municipal ordinance a structure for such purpose could not be built "without a permit from the fire commissioners so to do, which permit shall be granted only upon the petition of three-fourths of the property owners in the block in which said building is proposed to be erected." Permission was granted upon October 23, 1895. Upon October 20, 1896, this petition for a writ of review was filed. It averred that the requisite number of property owners had not petitioned on behalf of Dennison and Tucker, and that the board of fire commissioners granted the permit well knowing such to be the fact. Upon these averments it was sought to review and annul the order of the board.

The writ of *certiorari* runs to review the action of an inferior tribunal, exercising judicial functions, only upon a showing that such tribunal has exceeded its jurisdiction, and that the legal remedies applicable to the case are inadequate to afford protection or relief. It cannot be used to review the acts of a legislative, executive, or ministerial body, or even the acts of a judicial tribunal, in the exercise of its discretion.

The board of fire commissioners had for its duty: 1. To determine "whether three-fourths of the property owners in the block" had petitioned; and 2. If the determination upon this was favorable to the applicant, then to decide whether to grant or refuse the permit. In neither nor in both of these acts did it render a judicial decision. In the second, it was but exercising a discretion not the subject of review. In the first (since it will not be contended that the board could pass on conflicting titles to real estate), it was but making a mathematical computation, no more judicial in its nature than is the sheriff's determination when he executes his deed that six months have elapsed since the execution sale; no more judicial than the act of a board in

awarding a contract to the lowest bidder.    (*Townsend v. Copeland,* 56 Cal. 612.)

All political, executive, legislative, and ministerial boards, bodies, and officers are constantly, and indeed perpetually called upon to make decisions affecting the conduct of matters intrusted to them. They exercise their judgments in so doing, and they determine the existence or nonexistence of facts. No street in any municipality of the state may be ordered improved until the proper authorities have first decided as a fact that public necessity or convenience requires it. Such decisions, however, are not judgments pronounced by a judicial tribunal. They do not, as to be judicial decisions they must, declare the law and define the rights of the parties under it. But this subject has been discussed so recently and so fully in *Quinchard v. Board of Trustees,* 113 Cal. 664, and in *People v. Supervisors,* 122 Cal. 421, that it would be supererogatory to continue.

The judgment appealed from is affirmed.

McFarland, J., Temple, J., Garoutte, J., and Harrison, J., concurred.