[Civ. No. 10428.   Second Appellate District, Division Two.—October 4, 1935.]

J. F. KATENKAMP, Appellant, v. DEPARTMENT OF FINANCE, DIVISION OF STATE LANDS, et al., Respondents.

Leland Crawford for Appellant.

U. S. Webb, Attorney-General, and L. G. Campbell and Eugene M. Elson, Deputies Attorney-General, for Respondents.

GOULD, J., *pro tem.*—The California State Department of Finance, Division of State Lands, acting through its chief of division, granted to Union Realty Company, a corporation, permits to maintain two groins upon certain state-owned tidelands in Miramar bay, Santa Barbara County, upon which tidelands the property of said permittee abutted. These permits were issued pursuant to authority conferred by section 690.10 of the Political Code. Thereafter petitioner herein, owner of other littoral land on Miramar bay about 250 feet distant from that of the Union Realty Company, brought the present action in the superior court asking for a writ of *certiorari* to review the action of the department of finance in granting the permits, and to annul and set aside said permits. Petitioner claimed that the groins as constructed, being in the nature of bulkheads or breakwaters extending into the sea, had the effect of creating a new beach in front of permittee's lands and at the same time denuded his own beach front of sand, thus accomplishing a taking of private property for public purpose without due process of law. A demurrer to the petition was sustained by the lower court, petitioner declined to amend, judgment for respondents was entered, and from that judgment petitioner appeals.

We are of the opinion that the demurrer was properly sustained and that the act of the department of finance complained of may not be judicially reviewed in this proceeding.

Respondents raise the point that petitioner has no right to maintain this action. In the first place, petitioner was not a party to the original proceeding out of which this contention has arisen. Section 1069 of the Code of Civil Procedure provides that "the application must be made on the verified petition of the party beneficially interested", and it has been repeatedly held that, as to court actions, the writ will not issue in favor of strangers to the record. (*Elliott* v. *Superior Court,* 144 Cal. 501 [77 Pac. 1109, 103 Am. St. Rep. 102].) Exception to this rule has been allowed in the case of a taxpayer acting for the whole body of taxpayers generally (*Maxwell* v. *Board of Supervisors,* 53 Cal. 389), but we find no California instance which would act as a precedent for petitioner in such a situation as that sought to be reviewed here.

However, we find it unnecessary to determine the question of petitioner's right to maintain this proceeding, because, even assuming such right, we believe the act complained of here is not reviewable by writ of *certiorari*. Granting a permit to maintain a groin, with no notice of the application required by law, no hearing prescribed and no judicial determination of any right involved, does not constitute a judicial function but rather a ministerial or executive one. As such it is not reviewable by writ. (*Frasher* v. *Rader,* 124 Cal. 132 [56 Pac. 797]; *Brown* v. *Board of Supervisors,* 124 Cal. 274 [57 Pac. 82].)

Petitioner also attacks the constitutionality of the act under which the permits were issued. Such inquiry is beyond the scope of the writ (*Pacific Telephone & Telegraph Co.* v. *Eshleman,* 166 Cal. 640 [137 Pac. 1119, Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652]), which is limited by section 1074 of the Code of Civil Procedure to an inquiry as to whether "the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer".

Petitioner's redress for his alleged injury is not to be sought by writ of review.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.