[Civ. No. 10561.   Second Appellate District, Division Two.—November 21, 1935.]

THE SOUTHERN CALIFORNIA NURSES REGISTRIES ASSOCIATION et al., Appellants, v. DIVISION OF LABOR STATISTICS AND LAW ENFORCEMENT OF THE DEPARTMENT OF INDUSTRIAL RELATIONS et al., Respondents.

Charles F. Lowy for Appellants.

Leo L. Schaumer, Charles Dreyfus, Arthur L. Johnson and Henry L. Knoop for Respondents.

GOULD, J., pro tem.—The Private Employment Agency Law of the state of California (Stats. 1913, p. 515, as amended), designed to regulate private employment agencies,

specifically exempts from its operation certain nonprofit organizations whose membership fees are used solely for the maintenance of such organizations. But to secure exemption from the provisions of the act it is provided that such nonprofit organizations must file certain documentary evidence with the commissioner of the bureau of labor statistics on or before the first day of April of each year. This was done on February 22, 1935, by California State Nurses Association, District 5. Thereafter appellants herein complained to the bureau that said District 5 association was engaged in activities that brought it without the exemption provisions of the act. A hearing was had before a deputy commissioner, who made certain findings of fact, which in substance were that District 5 association, by filing certain documents in the manner and form provided in the act, had thereby complied with the provisions of section 1 thereof. There was no determination as to whether said District 5 was or was not entitled to exemption.

Appellants thereafter filed in the superior court a petition for writ of *certiorari*, seeking to review the acts of the commissioner and his deputy and asking the court to determine that the division of labor has no right to grant or determine any exemptions under the act in question. Respondents' demurrer to the petition was sustained without leave to amend and the appeal to this court followed.

Clearly the lower court was correct. A writ of review lies only when an inferior tribunal, board or officer has exceeded its jurisdiction, and the writ cannot be extended further than to determine whether its authority was regularly pursued. (Secs. 1068, 1074, Code Civ. Proc.) Here the act complained of was simply a determination that the claim for exemption was filed, all in pursuance of the terms of the act. No judicial function was performed by respondents in such determination and the matter therefore is not subject to review. (*Quinchard* v. *Board of Trustees*, 113 Cal. 664 [45 Pac. 856]; *Townsend* v. *Copeland*, 56 Cal. 612.)

In the briefs filed herein discussion is had as to whether District 5 association is in fact entitled to exemption under the act in question. Having determined that the writ does not lie in any event, we deem it unnecessary to consider the point as to such right.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.