LEVI J. KIMBALL v. JOHN HOMAN, HIGHWAY COMMISSIONER, ET AL.

*Highways—Discontinuance—Notice.*

1. The only persons who can seek a review of proceedings to discontinue a highway in whole or in part are the owners and occupants of land through or *adjoining* which it is proposed to discontinue the road, which *adjacency* is confined to the part discontinued.

2. We have always regarded a person as having property adjoining a discontinued highway when, although the body of his land does not touch it, there is no way of access reasonably open to him except by some passage opening into it, when the intermediate passage may be properly regarded as a continuation of his possession. *Phillips v. Commissioner*, 35 Mich. 15; *Goss v. Commissioner*, 63 Id. 608. The question must depend on the *direct* effect of the discontinuance in shutting up the land-owner from the usual necessities of a highway.

*Certiorari* to review proceedings discontinuing a highway. Argued April 12, 1889. Writ dismissed April 24, 1889. The facts are stated in the opinion.

*More & Wilson*, for petitioner, contended:

1. This Court has recognized the proposition that, where a part of the street only is discontinued, others than those who are owners or occupants of lands through or adjoining which it is proposed to discontinue said street may be so far interested in the proceedings as to be entitled to notice; citing *Phillips v. Commissioner*, 35 Mich. 15; *Goss v. Commissioner*, 63 Id. 608; and when a highway is to be discontinued, all the persons owning land on the highway are interested in the proceedings and entitled to notice.

*Turner & Carroll* and *Smiley & Earle*, for respondents, contended for the doctrine stated in the opinion.

CAMPBELL, J. This is a *certiorari* directed to the proper officers of the town of Paris to review certain action, whereby a portion of an alleged highway was dis_continued. The case is a little peculiar, because the petitioner relies on some matters of merits not to be found in such a record as is sought to be brought up by the writ; while, on the other hand, the return makes a showing which, if accepted, gives a complete answer to those complaints. But in the view we take of the case it can be disposed of without considering any doubtful matters.

The record shows that in the city of Grand Rapids there is a street running north and south, known as

"Centre Street," which reaches the southern city boundary, on Hall street. About 600 feet south of Hall street, and in the town of Paris, is an unincorporated village plat, known as "Scranton's Addition to Grand Rapids," which has a street called "Centre Street," which, if extended, would be a practical continuation of the city street of that name. Home street is a street running east and west, crossing Centre street at or about the north line of the Scranton plat. It is claimed and assumed that there is a small part of the Scranton plat extending north of Home street a short distance. Between Grand Rapids and the Scranton plat is a tract about 600 feet wide, formerly belonging to Mrs. Smithers, and now belonging to Davis, Turner & Carroll, who owned it when the proceedings were had which are now complained of. Across this tract it is claimed that Centre street had been used so as to reach the Scranton plat, but not by any formal dedication or establishment, or working by the authorities. Davis, Turner & Carroll, and various grantees, owned all the land on the Smithers tract bordering on the line of Centre street, if there was such a street. Vallina E. Scranton occupied and owned apparently so much of the Scranton plat as was north of Home street, on Centre street. Plaintiff in *certiorari* claims to own land on the south side of Home street, and east side of Centre street, on the Scranton plat.

On October 12, 1887, fifteen property owners on Scranton's addition applied to the highway commissioner of Paris to discontinue Centre street from Hall street to Home street, which would cross the Smithers tract and reach to and a short distance upon the Scranton plat. Notice of this application was duly given to all the landowners and occupants bordering on the line proposed to be discontinued. Notice was not given to persons on the Scranton plat south of Home street. The commissioner

discontinued the piece of road between Home and Hall streets, and the owners of land between those two streets accepted the discontinuance, and have occupied, and to some extent improved, what was before in the line of the discontinued way. One Cook appealed to the town board, who sustained the commissioner's action, which was dated October 24, 1887.

The *certiorari* in this case was sued out January 28, 1889, just fifteen months after the action of the commissioner. The petitioner shows by his petition that since the discontinuance the old highway line has been appropriated and fenced in by private occupants, and he claims this works a hardship to him. He does not show when the land was so appropriated. But the return shows that very shortly after the order of discontinuance was made the owners of the Smithers tract platted it with streets parallel on each side, and not very distant from the old line which was discontinued, and that the lots on their plat have been improved, and that a building has been partly finished on the ground vacated.

As a writ of *certiorari* is not a writ of right, and is not generally allowed to operate injustice to private rights, and as no decree which we can make should be allowed to destroy the interests of parties not represented by the commissioner, and not brought before us by any notice on this hearing, the case should be one of flagrant injustice, and the excuse for delay must be very satisfactory, before any interference with so old a proceeding should be exercised. In such cases justice usually requires resort to the ordinary legal remedies, open to parties actually injured by wrongful conduct, and if we had any doubt on the legal merits of the controversy we should hesitate to consider the case on the record. But we do not think petitioner has any right to intervene.

The statute which allows highways, or parts of high-

ways, to be discontinued, requires notice to be given to owners and occupants of lands through or adjoining which it is proposed to discontinue the road. The natural meaning confines this adjacency to the part discontinued. If this were not so, a road running many miles, and through several towns or counties, could not be discontinued at all by this process, except where the way lies on the boundary between two municipalities, when joint action by the authorities of both is allowed; and even then no provision is made for more than two bodies. It is evident that in view of the statutes the persons who may complain of the discontinuance of a way must be such as are directly affected in their convenience of access to their property, and who are liable to lose their immediate means of communication. There must be some limit to the extent of country within which the grievance is to be regarded as confined, and this has been fixed by the Legislature in the manner specified. How. Stat. § 1298. These persons are the only ones deemed parties to the controversy, and the only ones, therefore, who can seek a review.

This same principle has been applied in cases of village plats. These plats are quite frequently made to fit in with adjoining ones, so that the highways in one are continuations of those in another. But each plat stands by itself, and in vacating any portion of it the persons concerned are always regarded as those owning property in the plat itself. We have always regarded a person as having property adjoining a discontinued way when, although the body of his land does not touch it, there is no way of access reasonably open to him except by some passage opening into it; when the intermediate passage may be properly regarded as a continuation of his possession. *Phillips . v. Commissioner*, 35 Mich. 15; *Goss v. Commissioner*, 63 Id. 608 (30 N. W. Rep. 197). The question

must depend on the direct effect of the discontinuance in shutting up the land-owner from the usual necessities of a highway.

In the present case, the premises of plaintiff in *certiorari* front directly on so much of Centre street as belongs to the Scranton plat, and upon Home street, which gives an outlet in two other directions. He could not reach the discontinued way without crossing a public street, which communicates in various directions and furnishes abundant guards against isolation. If Centre street had been a part of a statutory plat of the Smithers property, and an application should be made to change that plat, petitioner could not have any standing in court to object to it. The fact that it was a road by user, or in some other way, cannot change his real relations to it, and when the law has distinctly declared that none but adjacent owners and occupants shall be notified, it has thereby declared that those not so situated need not be regarded in the action, and cannot complain of it. We have no case in our reports where remoter rights have been recognized; and, as already hinted, if we go beyond the statutory rules, we are left without any guide whatever.

If petitioner had (as we think he had not) a possible interest in the matter, it is not such that we should be justified in helping it out, under the circumstances of the present case. The only difference between his present and past conditions is that instead of going north into Grand Rapids by an unbroken, straight line, he has to turn at Home street, and select either of two northern roads in the same direction, but a little distance off. This is not a tangible grievance to his convenience of passage. The case is very like *Bauman v. Detroit*, 58. Mich. 444 (25 N. W. Rep. 391), where we intimated that

such a deflection was a very shadowy grievance, and too trifling to invoke the aid of discretionary power.

We think there is no ground for the plaintiff's writ, and it must be dismissed, with costs.

CHAMPLIN and MORSE, JJ., concurred. SHERWOOD, C. J., and LONG, J., did not sit.