[No. 15968.    In Bank.—January 8, 1897.]

JOHN SYMONS ET AL., APPELLANTS, *v.* THE CITY AND COUNTY OF SAN FRANCISCO ET AL., RESPONDENTS.

ORDER VACATING STREETS — CERTIORARI — PETITION BY NONABUTTING OWNERS—ABSENCE OF SPECIAL INJURY.—An order of the board of supervisors declaring certain streets to be closed, will not be reviewed or annulled by the court upon *certiorari,* as being in excess of jurisdiction, upon petition of property owners and taxpayers, whose premises do not abut upon the streets proposed to be closed, and who, by the closing of the streets, are not deprived of access to their lands, and do not suffer injury special to themselves, but only such detriment and inconvenience as they bear in common with the community at large.

ID. — LANDS REMOTELY AFFECTED — DIMINUTION OF VALUE NOT CONSIDERED.—Owners of lands who are only remotely affected by the proceeding for the closing of streets, and who sustain no special injury different from that sustained by others in that vicinity, are not authorized to call upon the officers of the city to justify their acts, or to invoke the judgment of the court upon the legality of the steps taken by the municipality in passing the order; and whether the order will have the effect to diminish the value of the plaintiffs' land, or to cause them damage, is not a ground for annulling the order, and cannot be considered upon *certiorari.*

ID.—PUBLIC INTEREST AND CONVENIENCE—DETERMINATION OF SUPERVISORS CONCLUSIVE.—The legislature having conferred upon the board of supervisors the power to open and close streets "whenever the public interest or convenience may require," the determination by that board of the question whether the public interest and convenience requires that streets be closed, is conclusive, and not open to review by the courts.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. JAMES M. TROUTT, Judge.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellants.

The statute is the measure and power of the board. (*Nicolson Pav. Co.* v. *Painter,* 35 Cal. 705.) The act of March 6, 1889, does not permit the combination of a dozen streets in one proceeding. (Stats. 1889, p. 70; *Boorman* v. *Santa Barbara,* 65 Cal. 314; *Weckler* v. *Chicago,* 61 Ill. 142; *Arnold* v. *Cambridge,* 106 Mass. 354; *In re Powelton Ave.,* 11 Phila. 447; *Fleetwood Streets,* 8 Pa. Co. Ct., 210; *Reymer's Appeal,* 91 Pa. St. 354.) The necessity of taking may be legislative, but the use or purpose is judicial. (*Ligare* v. *Chicago,* 139 Ill. 47; 32 Am. St. Rep. 179; *Fork Ridge etc. Assn.* v. *Redd,* 33 W. Va. 262; *Oliver* v. *Railroad Co.,* 83 Ga. 260.)

*Harry T. Cresswell, City and County Attorney,* and *W. J. Brobeck, Assistant,* for Respondent.

The court had no jurisdiction of the subject matter of the action. (*Weyl* v. *Sonoma Valley R. R. Co.,* 69 Cal. 202; *Cohen* v. *Sharp,* 44 Cal. 29; *Minturn* v. *Smith,* 3 Saw. 142; Code Civ. Proc., secs. 1067, 1069, 1077.) The board of supervisors in no respect exceeded its jurisdiction and its order is valid. (*Polack* v. *Orphan Asylum,* 48 Cal. 492; *Brook* v. *Horton,* 68 Cal. 558; *San Francisco* v. *Spring Valley Water Works,* 48 Cal. 529; Elliott on Roads and Streets, 670, 671; *Levee District No. 9* v. *Farmer,* 101 Cal. 178, and cases cited.) No appeal can be taken from the decision of the board of supervisors as to whether the public interest or convenience required the streets to be closed. (*People* v. *St. Lawrence Co.,* 25 Hun, 131; *Iske* v. *Newton,* 54 Iowa, 586; *Spring Valley Water Works* v. *Bryant,* 52 Cal. 132; *In re Wilson,* 32 Minn. 145; Code Civ. Proc., sec. 1069; *De Witt* v. *Duncan,* 46 Cal. 342, 346; *Wulzen* v. *Board of Supervisors,* 101 Cal. 15; 40 Am. St. Rep. 17.)

HENSHAW, J.—Upon consideration in Bank the opinion heretofore rendered in department is adhered to and adopted.

A taxpayer is permitted to maintain an action to restrain the improper diversion or use of the public funds, or to compel an official to do some act whose omission would increase his burden as a taxpayer. In both cases the ultimate object is the same—to escape the imposition of an increased taxation, which, except for his right of action, would be by direction or indirection illegally thrust upon him. No such consideration is here presented. It is not made to appear that any additional burden or expense is to be imposed upon plaintiffs as taxpayers, or that any expense at all attends the proposed vacation.

While plaintiffs show that they are property owners, they show also that they are not owners of property abutting upon the streets proposed to be closed. Owners of abutting property have a special easement, which is property, upon the fronting street. (*Eachus* v. *Los Angeles Ry. Co.*, 103 Cal. 614; 42 Am. St. Rep. 149; *Bigelow* v. *Ballerino*, 111 Cal. 559.) But it is well settled that owners of other realty have no such property in a street as entitles them to damages for its vacation. Whatever detriment or inconvenience they may suffer by the closing of the street, they bear in common with the community at large for the public convenience and welfare, as decreed by the proper legislative authorities in ordering the vacation. (*Coster* v. *Mayor*, 43 N. Y. 414; *King's County Fire Ins. Co.* v. *Stevens*, 101 N. Y. 411; *Smith* v. *Boston*, 7 Cush. 254; *Castle* v. *County of Berkshire*, 11 Gray, 26; *East St. Louis* v. *Flynn*, 119 Ill. 200; 59 Am. Rep. 795; *Heller* v. *Atchison etc. R. R. Co.*, 28 Kan. 625; *Kimball* v. *Homan*, 74 Mich. 699.)

In *Heller* v. *Atchison etc. R. R. Co., supra,* the court refused, at the instance of an owner of nonabutting property, to enjoin proceedings looking to the vacation of a street, holding that there was no such special inter-

est or property in plaintiff as would entitle her to maintain the proceeding. In *Kimball* v. *Homan, supra,* the precise question here presented was considered and determined. The proceeding was in *certiorari,* and it was declared that the only persons who can seek a review of proceedings to discontinue a highway in whole or in part are the owners and occupants of land through or adjoining which it proposed to discontinue the road, which adjacency is confined to the part discontinued.

If, as plaintiffs contend, the proceedings of the supervisors looking to the vacation of the streets are void, there is no occasion for the interposition of equity (*Oakland* v. *Carpentier,* 21 Cal. 642, 666); for plaintiffs would have adequate remedies at law for any illegal and improper obstructions of the streets.

The judgment is affirmed.

McFarland, J., Van Fleet, J., Temple, J., and Harrison, J., concurred.

The following is the opinion rendered in Department One, December 17, 1895, adhered to and adopted by the court in Bank.

Harrison, J.—The board of supervisors of the city and county of San Francisco, purporting to act under the authority conferred by the act of March 6, 1889 (Stats. 1889, p. 70), passed an order December 28, 1892, by which certain streets lying between Channel and Fourth streets on the north, and Mariposa street on the south, were " declared to be closed up and vacated." In April, 1894, the plaintiffs herein filed a petition in the superior court of San Francisco, making the city and county and its board of supervisors respondent therein, praying that the proceedings of the board of supervisors be reviewed, and that the order aforesaid be annulled, upon the ground that said order was without and in excess of the jurisdiction of said body to pass. The respondents filed a demurrer to the petition,

which was sustained, and from the judgment entered thereon the plaintiffs have appealed.

In support of their right to ask the court to review the action of the board of supervisors, the plaintiffs allege in their petition that they are the owners of seven distinct parcels of land in San Francisco (designating them by boundaries), upon which they have paid taxes, and that, as such taxpayers, they "have a right to use in common all the public streets in that vicinity in said city and county"; and that by the passing of the aforesaid order "there is forever closed up from public use one of the main streets and means of convenient approach from the central part of the city to the Potrero, where your petitioners' said lands are situate, with various other streets and avenues heretofore opened and duly dedicated to public use, and named and laid down on various official maps of said city and county as public streets." It does not appear from the complaint that any of the streets included in the order have been in fact closed to travel, or that there is any obstruction to as free use as was had prior to the passage of the order --the only averment in this respect being that the supervisors in form passed an order, "*whereby* there is forever closed up from public use one of the main streets." If it be assumed, however, that the streets are closed, we are of the opinion that the averments of the petition do not show that the plaintiffs have such an interest in the matter complained of as to entitle them to be heard in a proceeding of this nature. None of the streets which are included in the order are adjacent to any of the lands of the petitioners. Six of the parcels of land which they have set out in their petition as the basis of their right to be heard, abut upon Pennsylvania street, and the other upon Iowa street. The order does not purport to affect Pennsylvania street, and that portion of Iowa street included in the order is more than two blocks distant from the land of the plaintiffs fronting on that street. The plaintiffs do not show that they have sustained any injury special to themselves, or which is different except in de-

gree from that sustained by other owners of land in the vicinity of the streets included in the order. It does not appear that by the closing of these streets they are deprived of access to their lands, and the averment in this respect that "*one* of the main streets and means of convenient approach from the central part of the city to the Potrero" is closed by reason of the order, implies that there are other means of convenient approach to their lands; and although they also aver that the effect of the order is to close "various other streets and avenues heretofore opened and duly dedicated to public use," they do not claim that any of these streets are even serviceable to them in approaching their lands. Owners of lands who are only remotely affected by the proceeding, and who sustain no special injury different from that sustained by others in that vicinity, are not authorized to call upon the officers of the city to justify their acts, or to invoke the judgment of the court upon the legality of the steps taken by the municipality in passing the order.

Whether the order will have the effect to diminish the value of the plaintiffs' land, or to cause them damage, is not a ground for annulling the act of the board of supervisors, and cannot be considered in this proceeding. If the board of supervisors had the authority to pass the order, and the plaintiffs have sustained any legal damage by reason thereof, they must seek relief in a direct proceeding therefor. Neither is it competent for the plaintiffs in this proceeding to review the decision of the board of supervisors, that the public interest and convenience require that the streets be closed. The legislature has, by the statute referred to, conferred upon that body the power to open and close streets, "whenever the public interest or convenience may require," and the determination of this question by that body is not open for review by the courts.

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.