[S. F. No. 1134.   Department One.—April 14, 1899.]

GEORGE BROWN et al., Appellants, v. BOARD OF SUPER-VISORS OF CITY AND COUNTY OF SAN FRANCIS-CO, Respondent.

CERTIORARI—OFFICE OF WRIT.—The writ of *certiorari* can only issue to review the action of a board or inferior tribunal, when performed in the exercise of judicial functions, and in excess of its jurisdiction; and it cannot issue where the act complained of is merely legislative.

ID.—LEGISLATIVE ACT OF SUPERVISORS RELATING TO STREETS—DISCRE-TIONARY POWER.—The act of the board of supervisors in determining whether a street shall be opened or closed, or widened or contracted, or otherwise improved, is a legislative act, and the exercise of its judgment in determining what is to be done in the premises is but the exercise of a discretionary power intrusted to them as a legislative body, and is not the exercise of any judicial function, which may be reviewed upon *certiorari*.

ID.—POWER TO DIMINISH WIDTH OF STREET.—The authority to close a street in whole or in part, conferred by the act of March 7, 1889, authorizes the board to diminish the width of the street, and the adoption of the order is a determination that it is required by the public interest or convenience.

ID.—OBJECTIONS—HEARING AUTHORIZED, NOT JUDICIAL—ASCERTAINMENT OF PUBLIC INTEREST.—The hearing authorized by the statute to consider objections made to the improvement or change of a street is not judicial, but merely a mode of procedure for ascertaining the public interest, and its decision on that question is final and conclusive.

ID.—CLOSING UP PART OF STREET—QUESTION OF DAMAGE—DETERMINATION OF BOARD NOT SUBJECT OF CERTIORARI.—In closing up the whole or part of a street, the necessity of an assessment of damage is to

be determined by the board, and may be determined by them irrespective of any previous notice, or after such hearing and objection as it may deem appropriate. While the board is not authorized to determine the amount of damage which may be caused, it is authorized in the exercise of its legislative discretion to determine in the first instance whether any damage will or will not result, and any error in such determination cannot be reviewed under a writ of *certiorari.*

Id.—Rights of Abutting Owners—Conformity of Width to Other Streets.—The owners abutting upon a street which is so diminished in width by the city authorities that thereafter it will have the same width as the majority of the streets of the city, cannot claim that the proposed reduction will interfere with their enjoyment of light and air, or that access to their lots is in any degree impaired.

Id.—Construction of Constitution—Damage to Property.—The provision of the constitution forbidding that property shall be damaged for public use without compensation, applies only to such damages as may be recovered under established rules of law, and does not apply to any mere diminution in value of abutting lands by the closing up of a street in whole or in part, nor to any mere inconvenience to abutting owners thereby occasioned if access to their land is not prevented.

Id.—Absence of Private Remedy—Certiorari.—Abutting owners not entitled to a private remedy for damages by reason of the order of a municipal board diminishing the width of a street, are not entitled to question the validity of the order by means of *certiorari.*

Id.—Title to Vacated Portion of Street—Jurisdiction of Board.— The jurisdiction of the municipal board to diminish the width of the street is not dependent upon the effect it may have upon the title to the vacated portion of the street, and it cannot be considered upon *certiorari* whether it will vest in the owner abutting upon the strip vacated or remain public property to be disposed of according to law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Alexander G. Eells, and T. W. Nowlin, for Appellants.

Owners of property directly abutting upon a street have an easement which is property, and which cannot be damaged for public use without compensation. (*Eachus v. Los Angeles R. R. Co.,* 103 Cal. 614; *Bigelow v. Ballerino,* 111 Cal. 559; *Symons v. San Francisco,* 115 Cal. 555; *Geuerkink v. Petaluma,* 112 Cal.

306; *Story v. New York etc. R. R. Co.*, 90 N. Y. 122; *Abendroth v. M. Ry. Co.*, 122 N. Y. 1; *Rensselaer v. Leopold*, 106 Ind. 29.) The supervisors have no express power to diminish the width of a street. (Stats. 1899, p. 70.) The statute should be strictly construed. (*Smithers v. Fitch*, 82 Cal. 153; *Shipman v. Forbes*, 97 Cal 574; *Glynn v. Diersen*, 101 Cal. 563.)

Sullivan & Sullivan, for Respondent.

The question of public interest or convenience is not open to review in this proceeding. (*Symons v. San Francisco*, 115 Cal. 560; *Wulzen v. Board of Supervisors*, 101 Cal. 21, 22; *Tiedt v. Carstensen*, 61 Iowa, 534.) An abutter is not necessarily entitled to damages upon the vacation of a highway. (*Schufele v. Doyle*, 86 Cal. 107; *Levee Dist. No. 9 v. Farmer*, 101 Cal. 178; *Barr v. Oskaloosa*, 45 Iowa, 275; *Parker v. Catholic Bishop*, 146 Ill. 158; *East St. Louis v. O'Flynn*, 119 Ill. 200; *Paul v. Carver*, 24 Pa. St. 207.) Certiorari is not a proper remedy in this case, since the board had discretion to determine that no assessment of damages was necessary. (*Parker v. Catholic Bishop, supra.*) Proceedings of the character here involved will not be arrested by *certiorari* or injunction. (*D. M. Osborne & Co. v. Missouri Pac. Ry. Co.*, 147 U. S. 248; *Levee Dist. No. 9 v. Farmer, supra; Eachus v. Los Angeles Ry. Co.*, 103 Cal. 614; 42 Am. St. Rep. 149.) The board had power to close part of the street by narrowing its width. (*Mt. Carmel v. Shaw*, 115 Ill. 41; *Williams v. Carey*, 72 Iowa, 194.)

HARRISON, J.—Turk street, in the city and county of San Francisco, between Masonic avenue on the east and St. Joseph's avenue on the west, was originally laid out with a width of one hundred feet. The board of supervisors of said city and county passed an order April 19, 1897, declaring the northerly thirty-one feet and three inches of said portion of Turk street to be closed and vacated. The appellants herein are owners of lands abutting upon the southerly side of said portion of the street, and instituted the present proceeding for a review of this action of the board of supervisors and a judgment annulling said order, upon the ground that in adopting it the board acted in excess of its jurisdiction. In their application to the superior court they

allege their ownership of the abutting lands, and that they had filed with the board written objections to the adoption of the order, but that the board adopted the order without considering these objections, and in disregard thereof. The appellants also alleged that they would sustain injury and their lands be damaged by the closing of that portion of Turk street, and that the said order was adopted without making or providing for any compensation therefor, and that the board by said order adjudged that they were not entitled to any compensation for said damage, and that such determination was made without any opportunity on their part to be heard in reference thereto. A demurrer to the application was sustained by the superior court, and, the petitioners declining to amend, judgment was rendered denying their application. From this judgment the present appeal has been taken.

Counsel for both the appellants and the respondent have discussed the appeal upon the theory that the proceedings for the improvement of the street were taken under the provisions of the act of March 7, 1889 (Stats. 1889, p. 70), upon the ground, as suggested in the briefs, that the provisions in the act of 1893, page 220, purporting to limit the provisions of this act to cities having a population less than forty thousand, is special and local legislation within the prohibition of the constitution, and, without passing upon this question, we shall consider the appeal upon this theory.

The writ of *certiorari* can issue to review the action of a board or inferior tribunal only when the act to be reviewed was performed by the board or tribunal in the exercise of judicial functions, and the board or tribunal has acted in excess of its jurisdiction. (Code Civ. Proc., sec. 1068; *People v. Bush*, 40 Cal. 344; *Quinchard v. Board of Trustees*, 113 Cal. 664; *People v. Board of Supervisors*, 122 Cal. 421; *Frasher v. Rader, ante*, p. 132.) The appellants do not controvert this rule, but they insist that in the passage of the order in question the board of supervisors acted judicially, and without observing the provisions prescribed by the statute.

The act of the board of supervisors in determining whether a street shall be opened or closed, or widened or contracted, or otherwise improved, is a legislative act performed in the exercise

of the power which has been conferred upon the municipality by the legislature to enable it to provide for the welfare of its citizens; and, although the board is called upon to exercise its judgment in determining whether to authorize the improvement, such judgment is not the exercise of any "judicial functions," but is the conclusion which they form in the exercise of the discretionary power that has been intrusted to them, and upon a consideration of the public welfare and demands for which they are to provide. "The essential elements of judicial action are wanting, namely, the ascertainment of existing rights." (*People v. Supervisors,* 122 Cal. 421.) We are aware that in some of the early opinions in the reports of this state there is language that is not entirely consistent with this rule, but although there are expressions that such a procceding could be reviewed upon *certiorari,* we are not aware of any decision to that effect. Whatever dicta of this nature there may be are inconsistent with this rule, and must be considered as overruled by the later decisions.

The authority to close a street "in whole or in part," which is conferred by the act of March 7, 1889, authorizes the board to diminish the width of the street, and the adoption of the order is a determination by the board that the public interest or convenience requires the improvement. "The legislature has by the statute referred to conferred upon that body the power to open and close streets 'whenever the public interest or convenience may require,' and the determination of this question by that body is not open for review by the courts." (*Symons v. San Francisco,* 115 Cal. 555.)

The act aforesaid provides that after the board has given notice of its intention to make the improvement, objections thereto may be filed, and that the board shall hear such objections and pass upon the same; and declares that the decision of the board thereon shall be final and conclusive, and, if the objections are overruled, that the board shall be deemed to have acquired jurisdiction to order the improvement. The appellants filed certain objections to the improvement, and a day was appointed for hearing the same, and it is recited in the order that these objections were then heard and duly considered and overruled. The appellants allege in their petition herein that their objec-

tions were "partly heard," and were subsequently considered by the board and overruled, without any notice to them. They do not, however, allege that they were refused a hearing upon any of their objections, or that the board declined to hear any argument they wished to make, and in this proceeding we cannot consider the sufficiency or insufficiency of the hearing which was given to the appellants upon their objections. The hearing thus authorized was not a judicial hearing, but merely a mode of procedure for ascertaining the public interest, and that the board might determine whether that interest would be subserved by the improvement. Whether the lands of the appellants would suffer damage by the improvement was proper for the board to consider in determining whether the public interest was such as authorized the improvement notwithstanding such effect; but if, after considering this question, it decided that the objections were insufficient to overcome the public interest, its decision, in the language of the statute, became "final and conclusive," and it acquired jurisdiction to order the improvement.

It is contended by the appellants that the board had no jurisdiction to adopt the order without at the same time providing for an assessment of the damage that would be sustained thereby, and providing for its payment. The statute provides that after the board has acquired jurisdiction to make the improvement, "unless the proposed work is for closing up, and it appears that no assessment is necessary," it shall appoint commissioners "to assess benefits and damages." The proper construction to be given to this provision is that commissioners are not to be appointed if the proposed improvement is for closing up the whole or a part of the street unless an assessment is necessary, and that the necessity of an assessment is to be determined by the board, and may be determined irrespective of any previous notice therefor, or after such hearing and investigation as it may deem appropriate. There can be no assessment necessary unless there is some damage for which an assessment is to be made, and, in the absence of a showing that damage will result from the closing up of the street, the board is authorized to hold that an assessment is not necessary. This provision necessarily means that the board must in the first instance determine

whether an easement is necessary, but its jurisdiction to order the improvement does not depend upon a correct determination by it of that question. The board is not authorized to deter-. mine the amount of damage which may be caused by the improvement, but it is authorized in the exercise of its legislative discretion to determine in the first instance whether any damage will result. (See *Parker v. Catholic Bishop*, 146 Ill. 167.) Whether it errs in this respect or not, its action cannot be reviewed under a writ of *certiorari*.

It is claimed by the appellants that by the passage of the order the city damaged their lands without providing any compensation therefor, and they also allege that in their objections to the order they stated that their lands would be damaged by its adoption; but the only injury claimed is the diminution in value of their lands by reason of the reduction in the width of the street; and in their argument herein they contend that their right to have the street kept at its original width is property which cannot be taken or damaged without making compensation to them therefor.

The property which an abutting owner has in the street in front of his land is the right of access and of light and air, and for an infringement of these rights he is entitled to compensation. This right is peculiar and individual to the abutting owner, differing from the right of passing to and fro upon the street, which he enjoys in common with the public, and any infringement thereof gives him a right of action. (Dillon on Municipal Corporations, sec. 712.) In *Eachus v. Los Angeles Ry. Co.*, 103 Cal. 614, 42 Am. St. Rep. 149, the right which the abutting owner has to the use of the street fronting upon his lot is defined to be an easement therein for the purposes of ingress and egress, which attaches to the lot, and in which he has a right of property as fully as that which he has in the lot itself, and that any act of the municipality by which that easement is destroyed or substantially impaired for the benefit of the public is a damage to the lot itself within the meaning of the constitutional provision, for which he is entitled to compensation. The appellants herein do not, however, claim that the reduction in the width of the street will in any respect interfere with their enjoyment of light and air, or that access

to their lots is in any degree impaired. Indeed, in view of the fact that by the proposed reduction of the street it will have the same width as the majority of streets in the city, such contention could not be made. The provision in the constitution invoked by them was inserted therein to provide for instances in which property was not taken from the possession of the owner, or into physical occupancy by the public, and applies only to such damages as may be recoverable under established rules of law. The damage which the appellants may sustain by reason of a diminution in value of their lands is not damage for which they are entitled to compensation. (See *Stetson v. Chicago etc. R. R. Co.*, 75 Ill. 74; *Rigney v. Chicago*, 102 Ill. 64; *White v. Metropolitan etc. R. R.*, 154 Ill. 620; *American Bank Note Co. v. New York Elevated R. R. Co.*, 129 N. Y. 252.)

"The right of abutting owners in the streets is not of that absolute character that they can resist or prevent any and all interference with the street to their detriment, or which can be asserted to stay the hand of the municipality in the control, regulation, or improvement of the streets in the public interest, although it may be made to appear that the privileges which they had theretofore enjoyed, and the benefits they had derived from the street in its existing condition, would be curtailed or impaired to their injury by the changes purposed." (*Reining v. New York etc. Ry. Co.*, 128 N. Y. 157.) It has been held in other states that even the entire closing of a street upon which property abuts does not give to the owner a right of compensation, so long as there are other public streets by which he has access to his land. The mere inconvenience thereby experienced is not a damage for which he is entitled to compensation. (*Coster v. Mayor*, 43 N. Y. 399; *Smith v. Boston*, 7 Cush. 254; *Egerer v. New York etc. R. R. Co.*, 130 N. Y. 113; *Fobes v. Rome etc. R. R. Co.*, 121 N. Y. 505.) If the appellants are not entitled to any private remedy for damages sustained by the order of the board, they are not entitled to question the validity of the order by means of the writ of *certiorari*. (*Davis v. County Commrs.*, 153 Mass. 218.) "Whether the order will have the effect to diminish the value of the plaintiffs' land, or to cause them damage, is not a ground for annulling the act of the board of supervisors, and cannot be considered in this

proceeding.  If the board of supervisors had the authority to pass the order, and the plaintiffs have sustained any legal damage by reason thereof, they must seek relief in a direct proceeding therefor." (*Symons v. San Francisco, supra.*) Whether the lands affected by the order are remote from the street which is affected, or abut thereon, is immaterial in determining whether the board exceeded its jurisdiction.

The suggestion of the appellants that the effect of the order is to give to the abutting owner upon the northerly side of the street the strip of land taken from the street is not available in this proceeding. No such purpose appears upon the face of the order, and the jurisdiction of the board to make the order is not dependent upon the effect it may have upon the title to the vacated portion of the street. If the closing of this part of the street has the effect to vest the abutting owner with the title thereto, the board is not deprived of its authority to make the order by reason of such result, while, if its effect is to leave the vacated portion of the street public property, it can be disposed of only in accordance with law. (See *Meyer v. Teutopolis*, 131 Ill. 552.)

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.