[Civ. No. 4186. First Appellate District, Division Two.—August 4, 1922.]

## H. P. GARIN, Appellant, v. ALLEN E. PELTON et al., Respondents.

[1] STREET LAW—CLOSING OF STREET — DETERMINATION OF TRUSTEES— CHARACTER OF PROCEEDING—CERTIORARI.—Proceedings had and taken by a board of trustees under the terms of the act of March 6, 1889 (Stats. 1889, p. 70), to determine whether a street should be closed are not of a judicial character and, therefore, are not subject to review on *certiorari.*

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

J. Allison Bruner, City Attorney, Pillsbury, Madison & Sutro and Charles A. Ruggles for Respondents.

NOURSE, J.—This is an appeal from a judgment in favor of defendants upon their demurrer to plaintiff's petition for a writ of review. The defendants constitute the board of trustees of the city of San Leandro. As such they enacted Ordinance No. 276 (N. S.), closing and abandoning

a portion of Hepburn Street, between Martinez and Alvarado Streets.

It is the theory of the plaintiff that the trustees exceeded their jurisdiction in enacting said ordinance and for that reason he has asked that all the proceedings be annulled. The general demurrer of the defendants necessarily raises the question whether the proceedings sought to be reviewed and annulled were of a judicial character, because proceedings of such character only can be reviewed on *certiorari.*

[1] The power to conduct the proceedings leading to the closing of the street has been conferred upon the defendants by the act of March 6, 1889. (Stats. 1889, p. 70, Deering's General Laws, Act 3927.) Under the terms of this act the board of trustees is called upon to exercise its judgment in determining whether a street should be closed, and before making its determination is required to give a notice of the time and place when protests may be received and heard and to conduct a hearing thereon. In *Brown* v. *Board of Supervisors,* 124 Cal. 274, 279 [57 Pac. 82, 83], the supreme court expressly held that "the hearing thus authorized was not a judicial hearing, but merely a mode of procedure for ascertaining the public interest, and that the board might determine whether that interest would be subserved by the improvement." The rule thus announced has not been departed from, and it must be taken as settled, therefore, that the proceedings had under the terms of the act of March 6, 1889, are not judicial and are, therefore, not subject to review on *certiorari.*

The judgment is affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 2, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* was acting.