[Civ. No. 17339.   Second Dist., Div. Two.   Feb. 28, 1950.]

LESLIE G. CRAMER et al., Appellants, v. COUNTY OF LOS ANGELES et al., Respondents.

Harry C. Cogen for Appellants.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondents.

MOORE, P. J.—The question for decision is whether the action of the Board of Supervisors of Los Angeles County in vacating a public road was so arbitrary as to constitute fraud. Having granted judgment on the pleadings on the ground that the complaint does not state a cause of action, the judgment of dismissal was entered.

The substance of the complaint is that "Sheriff Road" is a duly dedicated road; it entered plaintiffs' property and was a means of access thereto and has been regularly used by plaintiffs and their predecessors in interest and by the owners of adjacent properties; on July 10, 1941, the board by resolu-

tion duly adopted made an order setting aside Sheriff Road for county highway and right-of-way purposes; April 1, 1944, defendant cut off a portion of the easterly terminus of Sheriff Road thereby excluding access to plaintiffs' property; April 1, 1946, the sheriff without legal right caused to be erected a fence across Sheriff Road effectively excluding and eliminating plaintiffs' means of access to their property; November 12, 1946, by resolution adopted at a legal session the board "ordered a portion of said Sheriff Road vacated and abandoned as unnecessary for future or present public use"; such action of the board cut off access to plaintiffs' property and it has ever since been and still is inaccessible from Sheriff Road which was necessary for present and future public use; "the act of the board was without right or authority, contrary to law and constituted an arbitrary and unreasonable exercise of the power of said board and was an abuse of its discretion"; plaintiffs' property had a rental value of $1,000 per month; such value was destroyed by the act of defendants to plaintiffs' damage in that amount from April 1, 1944; January 6, 1948, plaintiffs filed their claims for damages against the county with the board; April 13, 1948, the board rejected such claim.

The complaint was filed June 3, 1948.

■ Contrary to appellants' contention, the resolution of the board was a valid act. Such an act is legislative in character and "is conclusive both as to the necessity or convenience of the improvement and as to the extent of the district to be benefited." (*Beals* v. *City of Los Angeles,* 23 Cal.2d 381, 385 [144 P.2d 839]; *Constantine* v. *City of Sunnyvale,* 91 Cal. App.2d 278 [204 P.2d 922].) Courts cannot validly restrain a board of supervisors from exercising the legislative or discretionary functions committed to it by the Legislature. (*Nickerson* v. *San Bernardino County,* 179 Cal. 518, 522 [177 P. 465].) In *Brown* v. *Board of Supervisors of City and County of San Francisco,* 124 Cal. 274 [57 P. 82], it was held that the authority to close a street was conferred by the act of March 7, 1889, and that the adoption of the order by the board is a determination that the public interest and convenience require the improvement and that the decision of this question by the board is not open for review, citing *Symons* v. *San Francisco,* 115 Cal. 555 [42 P. 913, 47 P. 453]. Section 956.8 of Streets and Highways Code confers upon the board of supervisors of any county on its own motion the power to abandon any county highway. Section 959 (*ibid.*) provides that "[i]f the board finds, from all the evidence submitted,

that any county highway described in the petition, or any part of such highway, is unnecessary for present or prospective public use, the board may make its order abandoning such highway, or part thereof."

The cited statutes conferred a broad discretion upon a board of supervisors to abandon any highway which after a hearing of the evidence they may determine to do.

There is one exception to the foregoing rule covering the legislative acts of a board of supervisors. Where the finding of public convenience and necessity results from fraud or collusion between the board and private landowners it is void and may be annulled. (*Beals* v. *City of Los Angeles, supra.*) But the complaint in the instant action contains no allegation of a fraudulent act on the part of the board or any member thereof. No private gain for any member or for any owner of property within the community or otherwise is alleged. No evidence was offered for the purpose of showing private gain had accrued or would accrue to anyone. Moreover, the complaint is devoid of any allegation from which it may be inferred that the supervisors abused their discretion. The only offer of proof of an arbitrary action by the board was the testimony of two witnesses before the board that Sheriff Road had no present or future public use; the road had been used as a public highway for from 16 to 50 years; the board's discussion with reference to providing another road and the adoption of a motion that certain county agencies take necessary steps to provide such accesses; testimony by county agents that their opinion as to the use of the land was based on the fact that the road was obstructed by the fence without investigating its origin; the testimony of a member of the county regional planning commission that the commission had investigated the abandonment of Sheriff Road and had recommended against it; testimony of the undersheriff that his office had erected the fence across Sheriff Road without attempting to determine whether such a step was legal and that after plaintiffs' protest a letter was sent to the board explaining that the sheriff's office needed the property and requesting approval of the action; testimony by one supervisor that he had voted for the abandonment of the road under the impression that a new road was to be constructed.

While from such proof the supervisors might properly have determined not to close Sheriff Road, yet there is nothing in

any of the offered testimony which at its full import would require a finding that the board acted arbitrarily or corruptly or abused its discretion.

The authorities cited by appellants (*Erro* v. *City of Santa Barbara,* 123 Cal.App. 508 [11 P.2d 890]; *Brydon* v. *City of Hermosa Beach,* 93 Cal.App. 615 [270 P. 255]; *People* v. *City of Los Angeles,* 62 Cal.App. 781 [218 P. 63]) are distinguishable by their facts. In each of them there was some proof of actual fraud or corruption in adopting the resolution under attack. Since there was no private gain or fraud or collusion or other act tantamount to actual fraud the resolution of the board in abandoning Sheriff Road was a valid legislative act. Discretion is soundly exercised when based upon facts and adopted with a proper consideration of public needs. Judging from the proffered transcript of the testimony before the board its action was taken after due consideration of the proof offered by appellants and of the evidence from the sheriff's office that the vacation of the road was necessary for the public welfare.

■ Claim for damages cannot form the basis of a judgment for the reason that it was barred by the provision of section 29702 of the Government Code. "A claim shall be filed within a year after the last item accrued." The resolution of the board vacating the highway was adopted November 12, 1946. The claim was filed January 6, 1948, more than one year having elapsed after the adopting of the resolution. (*Kline* v. *San Francisco Unified School District,* 40 Cal.App. 2d 174 [104 P.2d 661, 105 P.2d 362]; *Walton* v. *Kern County,* 39 Cal.App.2d 32 [102 P.2d 531]; *Spencer* v. *City of Calipatria,* 9 Cal.App.2d 267 [49 P.2d 320]; *Carroll* v. *Siebenthaler,* 37 Cal. 193.) In *Veterans' Welfare Board* v. *City of Oakland,* 74 Cal.App.2d 818, 826 [169 P.2d 1000], the court said, "It is a well settled and admitted principle of law that a cause of action for either a taking or damaging of private property under the Constitution is subject to the operation of a claim statute or charter provision, provided the terms thereof are broad enough to embrace it . . ."

However, appellants contend that respondents are estopped to raise the defense of failure to file the claim within the one-year period. They base this contention on the fact that they relied on the motion adopted by the board that certain county agencies take necessary steps to provide a new access road. It is true that an estoppel may be invoked against a governmental body in some instances (*Farrell* v. *County of Placer,*

23 Cal.2d 624, 630 [145 P.2d 570, 153 A.L.R. 323]) but in the instant case plaintiffs have not pleaded an estoppel and therefore may not now rely upon such an excuse for non-compliance with the statute. (*Goorberg* v. *Western Assurance Co.*, 150 Cal. 510, 519 [89 P. 130, 119 Am.St.Rep. 246, 11 Ann.Cas. 801, 10 L.R.A.N.S. 876]; *Cohen* v. *Metropolitan Life Ins. Co.*, 32 Cal.App.2d 337, 347 [89 P.2d 732]; *Silva* v. *Linneman*, 73 Cal.App.2d 971, 976 [167 P.2d 794].) Assuming that appellants had been permitted to amend their pleadings, still facts sufficient to constitute an estoppel have not been shown. Although the board indicated that a new road would be provided, nevertheless appellants should have taken steps before the expiration of the year to investigate as to what plans the county authorities had made. On discovery that no action had been taken, plaintiffs should have filed their claim rather than to have slept on their rights.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.