[Civ. No. 22737. Third Dist. July 31, 1984.]

LEN HEIST, Plaintiff and Appellant, v.
COUNTY OF COLUSA et al., Defendants and Respondents.

COUNSEL

Edward T. Ford and Walter Cook for Plaintiff and Appellant.

Harold Wilsey, Jr., County Counsel, for Defendants and Respondents.

McDonough,, Holland & Allen, William L. Owen and Sharon D. Roseme as Amici Curiae on behalf of Defendant and Respondent.

OPINION

EVANS, J.—Plaintiff appeals from a judgment which found the abandonment of Laux Road by the Colusa County Board of Supervisors was valid.

He asserts the trial court did not properly review the proceeding, arguing: (1) the act of abandoning a county road is judicial in nature, subject to review under Code of Civil Procedure section 1094.5. He further argues that (2) the board of supervisors failed to make adequate findings, (3) there was a total lack of evidence to show the public will benefit by the abandonment, (4) the trial court did not rule on his motion for judicial notice, and (5) plaintiff was wrongly made to pay defendant's preparation costs. We reject the contentions and affirm the judgment.

On March 6, 1979, the Colusa County Board of Supervisors (Board) considered a request from the attorneys for amici Butte Creek Farms and Colusa Shooting Club to abandon a portion of Laux Road. The Board adopted resolution No. 79-40, entitled "A Resolution of Intention to Abandon a Portion of a Public Road In the County of Colusa, State of California, More Commonly Referred to as Laux Road." The resolution set a date for public hearing, and required that notice of the meeting be published. In due course the matter was referred to the Colusa County Planning Commission for study and recommendation.

The planning commission met on March 19, 1979, and heard testimony stating that the purpose of the abandonment was to stop trespassing on privately owned lands which abutted the portion of the road to be abandoned, and that adjoining property owners had no objection to the abandonment. A discussion was held regarding converting the road to the status of a restricted easement, with the property owners being responsible for maintenance. At the conclusion of the discussion, a motion was passed to convey the opinion of the planning commission to the Board that the abandonment of Laux Road was in conformity with the roadway portion of the county general plan and that abutting private property owners who have title to private rights-of-way be given an easement for maintenance and access.

The public hearing before the Board was held on April 3, 1979. A petition containing 120 signatures of persons in opposition to the abandonment was presented, and an Angelo Jaconetti made a statement in opposition, citing the use of Laux Road by persons wishing to go fishing in Butte Creek. Other statements were made in favor of the abandonment; evidence was presented on vandalism taking place and the need for road use control, that Laux Road is a "blind" road not leading anywhere, hunting season safety of club members, other access to Butte Creek, questions about the hunting club's water line, and the possibility of interested individuals obtaining permits from nearby landowners for access to the creek for fishing. By a four-to-one vote, the Board adopted resolution No. 79-51, ordering a portion of Laux Road abandoned.

After a delay of nearly three years, plaintiff, a taxpayer and landowner in Colusa County, filed a petition for an extraordinary writ in Superior Court, Colusa County, alleging that the Board's action in abandoning Laux Road amounted to a gross abuse of discretion and a gift of public property. The petition also alleged that Butte Creek was a navigable waterway, and that the abandonment eliminated access, thus violating the public trust.

Defendant County of Colusa demurred, alleging the petition was barred by the statute of limitations but later stipulated to the overruling of its demurrer.

The matter was heard on September 10, 1982. Plaintiff asked that the trial court take judicial notice of the navigability of Butte Creek. The court requested plaintiff to provide information to aid it in its decision; he agreed to do so, and did that in his trial brief, filed September 28, 1982. However, plaintiff failed to submit any evidence which would indicate that Laux Road touches or abuts Butte Creek.

The trial court denied the petition, finding that the decision by the Board to be a legislative act and not arbitrary or capricious. The court did not address plaintiff's motion for judicial notice, instead dismissed it in bulk with his other contentions.

I

A. *Standard of Review*

Is the abandonment of a county road[1] by the board of supervisors a legislative or judicial act? Plaintiff contends it is the latter, and that judicial review of such a decision must be pursuant to Code of Civil Procedure section 1094.5, subdivision (c), which requires the findings of the Board to be supported by substantial evidence. We disagree.

Until 1976, the line of cases holding abandonment of a road to be a legislative act was unbroken.[2] (See Beals v. *City of Los Angeles* (1943) 23 Cal.2d 381, 385-386 [144 P.2d 839]; *Symons* v. *San Francisco* (1897) 115 Cal. 555, 560 [47 P. 453]; *Quinchard* v. *Board of Trustees* (1896) 113 Cal. 664, 669 [45 P. 856]; *Bowles* v. *Antonetti, supra,* 241 Cal.App.2d at

---

[1]At the time of the Board's action, abandonment of a county road was controlled by Streets and Highways Code section 954 et seq. In 1980, sections 955 to 959.1 were repealed, and are now contained in section 8320 et seq.

[2]*Bowles* v. *Antonetti* (1966) 241 Cal.App.2d 283 [50 Cal.Rptr. 370], held that vacation of a city street is a legislative act, but went on, without explanation, to apply the standard of review for judicial acts. (Pp. 286-287.)

p. 286; *Cramer* v. *County of Los Angeles* (1950) 96 Cal.App.2d 255, 256-257 [215 P.2d 497]; *People* v. *City of Pomona* (1948) 88 Cal.App.2d 460, 462 [198 P.2d 959]; *People* v. *City of Oakland* (1929) 96 Cal.App. 488, 492-493 [274 P. 438]; *People* v. *City of San Rafael* (1928) 95 Cal.App. 733, 739 [273 P. 138]; *People* v. *City of Los Angeles* (1923) 62 Cal.App. 781, 786 [218 P. 63]; and *Garin* v. *Pelton* (1922) 58 Cal.App. 672, 673 [209 P. 377].)

The fact that the administrative body acts in response to specific petitions or parties, and indulges in a hearing process, does not detract from the legislative nature of the action. (*Wilson* v. *Hidden Valley Mun. Water Dist.* (1967) 256 Cal.App.2d 271, 279 [63 Cal.Rptr. 889].) ■ Judicial review of a legislative or quasi-legislative action is made under ordinary mandamus (Code Civ. Proc., § 1085) and is limited to an examination of the proceeding to determine whether the action of an administrative body has been arbitrary, capricious, or entirely lacking in evidentiary support, or whether it has failed to give the notices and follow the procedures required by law. (*Pitts* v. *Perluss* (1962) 58 Cal.2d 824, 833 [27 Cal.Rptr. 19, 377 P.2d 83]; *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 34, fn. 2 [112 Cal.Rptr. 805, 520 P.2d 29]; *Karlson* v. *City of Camarillo* (1980) 100 Cal.App.3d 789, 798 [161 Cal.Rptr. 260].)

■ Plaintiff relies on *City of Rancho Palos Verdes* v. *City Council* (1976) 59 Cal.App.3d 869 [129 Cal.Rptr. 173], for its holding that abandonment of a street is a judicial act, subject to the substantial evidence requirement of Code of Civil Procedure section 1094.5. (*Id.,* at p. 889.) We find that case to be the product of flawed reasoning and reject its conclusion.

*Rancho Palos Verdes* first determined that abandonment of a street has mixed legislative and judicial characteristics, because of the factfinding process involved and the specific rights of persons in the immediate vicinity to use the street. Factfinding does not detract from the legislative nature of an action. (*Wilson* v. *Hidden Valley Mun. Water Dist., supra,* 256 Cal.App.2d at p. 279.) It went on to state that *Wilson* v. *Hidden Valley, supra,* established a two-pronged test for mixed characteristic actions. If a statutory standard controls, the action is adjudicatory. If there is no such standard, the "dominant concern" of the action dictates the standard of review. *Rancho Palos Verdes* then concluded that the statutory standard test had been eliminated by the Supreme Court in *Dawson* v. *Town of Los Altos Hills* (1976) 16 Cal.3d 676 [129 Cal.Rptr. 97, 547 P.2d 1377],[3] leaving only the

---

[3]This conclusion too seems to be wrong. The court states, at page 884, that this rule was forced on the *Hidden Valley* court by a Supreme Court opinion in *Albonico* v. *Madera Irr.*

dominant concern test. It determined that dominant interests in *Rancho* were narrow and private, thus the action was adjudicatory. In order to substantiate its conclusion, it engaged in a tortured analysis of prior case law.

*Rancho Palos Verdes* attempted to distinguish the long line of cases holding street abandonment to be a legislative act by determining that it was not until 1963 that an administrative body desiring to abandon a city street was required to hold an evidentiary hearing in order to determine whether the street to be abandoned had any present or future use. (Sts. & Hy. Code, § 8323.)[4] The court determined that before 1963, since there was no statutory standard to be applied, the act of vacating or abandoning a street was purely legislative (59 Cal.App.3d at p. 886), and that cases decided before that date were inapposite. Through oversight or perhaps purposely, the court did not discuss *Cramer* v. *County of Los Angeles, supra,* 96 Cal.App.2d 255, which found the act to be legislative, where the board determined the road to be unnecessary for present or future use under former Streets and Highways Code section 959, which required such a finding. (96 Cal.App.2d at p. 256.)

Relying upon *Ratchford* v. *County of Sonoma* (1972) 22 Cal.App.3d 1056 [99 Cal.Rptr. 887], and *Bowles* v. *Antonetti, supra,* 241 Cal.App.2d 283, *Rancho Palos Verdes* stated as a general proposition that abandonment of a street is a judicial act. *Bowles* is unreliable, as its conclusion that the standard of review is one of substantial evidence neither legally nor logically flows from its determination that abandonment is a legislative action. (See fn. 2, *ante,* at p. 845.) Similarly, *Ratchford* may be distinguished. There the focus of the decision was on the individual rights of the petitioner, who was the owner of property abutting the abandoned road. (22 Cal.App.3d at p. 1062.) The respondents contended the trial court had erroneously issued a writ of review. The court began its discussion by recognizing the solid line of authority holding abandonment to be a legislative function. It went on to discuss certain cases, all involving individual or private property rights, held that the *factfinding* process may be reviewed (22 Cal.App.3d at pp. 1067-1068), and embarked on a detailed discussion of the petitioner's individual interest in the abandonment. After determining that the petitioner had an interest in the abandonment over and above members of the general public, the court concluded she was entitled to judicial review. *Ratchford* is therefore limited to its facts, applicable only where the party opposing the abandonment has a *direct* property interest.

*Dist.* (1960) 53 Cal.2d 735, [3 Cal.Rptr. 343, 350 P.2d 95], and a series of Court of Appeal cases upholding this rule. The court went on to say that these cases were disapproved in *Dawson, supra,* 16 Cal.3d at page 684. Nowhere on page 684 in *Dawson* are any of the *Hidden Valley* cases mentioned.

[4]For all intents and purposes, former section 959 of the Streets and Highways Code, dealing with the abandonment of *county* roads, was identical to section 8323.

We will follow the long established and well reasoned precedent and review the Board's action under the standard set forth in Code of Civil Procedure section 1085.

 The record shows that evidence was taken on a variety of issues concerning the abandonment of Laux Road; a petition in opposition to abandonment was presented, statements were made by a number of people for or against the action on vandalism, maintenance, right-of-way, Butte Creek water line, safety of hunters, and trespassing, and the fact that Laux Road was a "blind road" without a terminal which leads nowhere was discussed. The resolution (No. 79-40) of intent to abandon Laux Road required the Colusa County Planning Commission to study the proposal, make a recommendation, and submit it to the Board prior to the public hearing. The minutes of the planning commission indicate that the commission heard evidence of vandalism occurring on Laux Road, and that all abutting property owners were aware of the proceeding and agreed to the abandonment. The commission found the abandonment to conform to the county general plan and moved to convey that fact to the Board.

Reviewing the evidence as a whole, it cannot be said the Board acted in an arbitrary or capricious manner in determining Laux Road was no longer necessary. It heard conflicting evidence, weighed it, and rendered its decision. This is entirely within the legislative function.

The rule of *Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506 [113 Cal.Rptr. 836, 522 P.2d 12], is inapplicable to matters reviewed under Code of Civil Procedure section 1085. That case emphasized the need for the administrative agency to set forth its findings of fact where judicial review is made to determine whether the findings are supported by substantial evidence. Such scrutiny is required only under Code of Civil Procedure section 1094.5, review of *adjudicatory decisions*. The record before us is complete enough to show that the Board's decision was not arbitrary.

Furthermore, the finding made by the Board that Laux Road is "no longer necessary for public road purposes" is sufficient under the requirement of former section 959 of the Streets and Highways Code. The Board came to its determination that the road was unnecessary after hearing evidence from both factions. "No longer necessary" implies there is no present or future use for the road, and, despite plaintiff's argument to the contrary, no evidence of a plan of future use was presented which was different from that presented on the general issue of present use. *Ratchford, supra,* is factually distinguishable, as there the planning commission in its report envisioned a future use for the road. (22 Cal.App.3d at p. 1075.)

## B. *Public Benefit*

■ Case law has imposed a second condition upon the abandoning of a public road; the abandonment must be in the public interest. (*People* v. *City of Los Angeles, supra,* 62 Cal.App. at p. 786.) In the absence of fraud or collusion, a determination by the board as to what constitutes the public interest is legislative in nature and conclusive. (*Ibid.*) In the matter before us, the planning commission found the abandonment to conform with the county general plan. Those persons owning property adjacent to Laux Road would be responsible for maintenance, thus relieving the county of that burden. The reasons are sufficient to rebut a claim of fraud. (See *Bowles* v. *Antonetti, supra,* 241 Cal.App.2d at p. 288; *Cramer* v. *County of Los Angeles, supra,* 96 Cal.App.2d 255.) The fact that amici requested the closure or that they benefited by the abandonment does not in itself establish fraud or collusion. (*Beals* v. *City of Los Angeles, supra,* 23 Cal.2d at p. 386.)

## II

■ Plaintiff next contends the trial court committed prejudicial error by denying his request for judicial notice of the navigability of Butte Sink and failing to inform plaintiff of its denial until the court's decision was rendered. Plaintiff requested the court to take judicial notice of three facts: (1) Butte Creek is a navigable waterway; (2) that portion of Butte Creek adjacent to Laux Road is easily navigable in a pleasure craft; and (3) the abandoned portion of Laux Road is within the Butte Sink. The purpose of the request was to support his argument that the action of the Board cut off access to a navigable body of water, thus violating article X, section 4 of the California Constitution.[5] In support of his motion, plaintiff provided the court with a letter opinion from the Attorney General, concerning the issue of the navigability of Butte Creek. The memorandum of decision and order addresses the parties' contentions regarding the legislative or judicial function of the Board, plaintiff's standing to bring suit, and the adequacy of the Board's findings. It either expressly or impliedly dismissed all other issues, including the motion for judicial notice, as meritless. Contrary to section 456 of the Evidence Code, the trial court did not advise the parties that it was denying the request, nor did it indicate for the record its denial. If the implied dismissal of the request was error, it was harmless beyond doubt.

Plaintiff made the conscious choice to use the vehicle of judicial notice to present his evidence, rather than presenting the evidence directly. ■ Navigability is a question of fact, and must be determined on the factual cir-

---

[5]Plaintiff argues the abandonment violates article XV, section 2. That section was repealed in 1976, and is now found under article X, section 4.

cumstances of the particular waterway. (*Hitchings* v. *Del Rio Woods Recreation & Park Dist.* (1976) 55 Cal.App.3d 560, 565 [127 Cal.Rptr. 830].)
■■■ The only evidence of navigability supplied by plaintiff was an *advisory* letter opinion of the Attorney General. While the general conclusion of the advisory opinion was that Butte Sink was navigable, the opinion concluded with the following disclaimer: "Based upon the limited facts that we were able to obtain from you and other sources, we have concluded that to the extent that our factual search is accurate and complete, the 'Butte Sink' floodwaters are navigable and subject to an easement in the public for navigation and the incidents thereof, including hunting for waterfowl. We must strongly emphasize that the determination of navigability or non-navigability depends upon the completeness and accuracy of the factual background bearing upon each of the legal issues concerned herein. Indeed, navigability in California 'is largely a question of fact, to be determined from the character of the stream . . . and the other surrounding circumstances affecting the question.' (*Bohn* [v. *Albertson* (1951) 107 Cal.App.2d 738] at p. 742.) Our conclusions in this opinion involve the resolution of highly complicated factual and legal questions which ordinarily are more appropriate for decision after a detailed factual investigation. Unfortunately, we were unable to accomplish that thorough, comprehensive fact-gathering task which would normally be essential to and dispositive of any judicial ruling on a waterway's navigability. *Given further and different factual information, we could very likely come to a conclusion opposite to that in the present opinion.*" (Italics ours.)

Plaintiff's request for judicial notice does not fall within the ambit of section 452, subdivision (h), of the Evidence Code, as the Attorney General's letter opinion cannot be classified as a source of "reasonably indisputable accuracy" because of the disclaimer. The request also does not fit under section 452, subdivision (g), of that code. Although a court may take judicial notice of facts of common knowledge, if the fact to be determined is essential, as here, the power of the court to take judicial notice should be exercised with caution. (See *Chowchilla Farms Inc.* v. *Martin* (1933) 219 Cal. 1, 11 [25 P.2d 435].) Plaintiff did not furnish the trial court with sufficient information to enable it to take judicial notice. (Evid. Code, § 453, subd. (b).)

Plaintiff argues that, had he known the court intended to deny his motion for judicial notice, he would have supplied the court with further evidence of navigability. That may be so; however, this is not where the failure of proof lies.

Plaintiff presented no evidence which would be sufficient for the trial court to conclude that Laux Road leads directly into Butte Sink. While it is true the opinion letter of the Attorney General indicates that roads providing

access to Butte Sink are washed out by the floodwaters at certain times of the year, no evidence was presented to the trial court that Laux Road was one of these. If there is no direct access, persons using Laux Road must trespass across private property to gain access to the Sink; as trespassers, they have no right to do so. (*Bolsa Land Co.* v. *Burdick* (1907) 151 Cal. 254, 260 [90 P. 532].)

■ It is a general rule of appellate review that all intendments and presumptions are indulged in to support the judgment of the trial court. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, p. 4225.) From its intended decision, it is clear the trial court found no apparent violation of article X, section 4 of the California Constitution. Reviewing the evidence before the trial court, we find its decision to be supported by substantial evidence and shall not disturb the decision.

### III

■ Finally, plaintiff contests the award of costs to defendant. Defendant county was awarded the costs, including county staff time expended producing certain documents for plaintiff. The documents were produced at plaintiff's request and by court order. Such an award was within the sound discretion of the trial court and is proper in this case. (*Pan Pacific Properties, Inc.* v. *County of Santa Cruz* (1978) 81 Cal.App.3d 244, 256 [146 Cal.Rptr. 428].)

In light of our conclusions, we need not address defendant's contentions involving the statute of limitations and plaintiff's standing to sue, nor plaintiff's contention he is entitled to attorney fees.

The judgment is affirmed.

Regan, Acting P. J., and Blease, J., concurred.

A petition for a rehearing was denied August 27, 1984, and appellant's petition for a hearing by the Supreme Court was denied September 26, 1984.