Criminal law ⚖==>1023(3)—Denial of motion to recuse not appealable.

An appeal in a criminal case only lies after judgment finally disposing of the case, and therefore an appeal from an order denying a motion to recuse, signed in chambers by a judge to whom the motion was referred, who appended thereto a written order of appeal in favor of the party cast, will be dismissed.

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemine; Prentiss B. Carter, Judge ad hoc.

Emile Martin was charged with unlawfully failing to keep his office of registrar of voters open. A motion to recuse was denied, and defendant appeals. Appeal dismissed.

See, also, State ex rel. Martin v. Judge of Twenty-Ninth Dist., 152 La. 768, 94 South. 389.

A. Giffen Levy and Loys Charbonnet, both of New Orleans, for appellant.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Defendant was indicted for "unlawfully failing to keep his office of registrar of voters open during the period prescribed by law." When called up for arraignment, he moved for the recusation of the presiding judge. That motion was referred for trial and hearing to the judge of an adjoining judicial district. By consent of the district attorney and of the attorneys for defendant, the judge who tried the motion was permitted to render and sign a judgment in chambers and to append thereto a written order of appeal in favor of the party cast, as is often done in civil matters.

It is by virtue of such an order that the present appeal from the ruling of the judge, who denied the motion to recuse, was brought to this court by defendant.

An appeal in a criminal case only lies after judgment finally disposing of the case. State v. Carter, 120 La. 96, 44 South. 997; State v. Hart, 48 La. Ann. 1008, 20 South. 186; State v. Jackson, 140 La. 680, 73 South. 770; State v. Sherman, 144 La. 76, 80 South. 205.

The appeal in this case is therefore dismissed.

---

(98 South. 84)

No. 25800.

## SCHERNBECK v. CITY OF NEW ORLEANS et al.

(Nov. 12, 1923.)

*(Syllabus by Editorial Staff.)*

1. Municipal corporations ⚖==>225(4)—Opening or realignment or sale of streets within sound discretion of commission council.

The opening or realignment or sale of streets in the city of New Orleans are matters within the sound discretion of the commission council, functioning as the executive officers of the city.

2. Municipal corporations ⚖==>225(5)—City of New Orleans held authorized to sell part of street no longer necessary.

Under Act No. 93 (Ex. Sess.) of 1921, amending New Orleans City Charter, and in view of Act No. 93 of 1904, Act No. 159 of 1912, § 8, Act No. 21 (Ex. Sess.) of 1917, and Act No. 29 of 1918, affecting the power to sell public streets, city streets may be sold when they cease to be necessary for public use, and it is not necessary to sell the whole street at one time or to one buyer.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Mrs. Katherine Schernbeck, wife of Charles A. Cassnau, against the City of New Orleans and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Joseph Harris Brewer, of New Orleans, for appellant.

Raymond Gauche, of New Orleans, for appellee James A. Durr.

Ivy G. Kittredge, City Atty., and Michel Provosty, Asst. City Atty., both of New Orleans, for appellee City of New Orleans.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit to enjoin the city of New Orleans from selling and subjecting to private use a triangular shaped piece of ground at the intersection of South Broad, Washington avenue, and Eve street in the Fourth district of the city of New Orleans, measuring 41 feet, 6 inches, and 7 lines front on Washington Shell Road and 25 feet, 10 inches and 2 lines on Broad street, and being a part of Euterpe street; and to enjoin John A. Durr from doing any act or thing tending to dispose of or to subject to private use the said described land, or to close the portion of Euterpe street of which it forms a part. Plaintiff is the owner of three lots of ground in square No. 488, in the Fourth district of the city of New Orleans, measuring 90 feet, 4 inches, and 1 line front on Euterpe street. The triangle which is involved in this suit is that portion of Euterpe street in front of a part of plaintiff's property.

The trial judge ordered defendants to show cause why the injunction should not issue. Both defendants excepted to the suit on the ground that the petition did not disclose a right or cause of action. The exceptions were referred to the merits, answers were filed, the case was tried, and the court rendered judgment recalling the rule nisi and denying the injunction. From this judgment plaintiff has appealed.

The facts are not seriously disputed, except as to the area of the triangle owned by the city. The conflicting testimony on this point is immaterial, because the sale was of only a part of the area it is admitted the city owns.

The first question presented for our consideration involves the right of the city to sell a public street.

The power to sell a public street was first conferred upon the city of New Orleans by Act No. 93 of 1904, but this act limited the exercise of the power to streets of not more than 200 feet in length. The City Charter, Act No. 159 of 1912, § 8, removed this limitation. Section 8 of the charter was amended and re-enacted by Act No. 21 of the Extra Session of 1917, by Act No. 29 of the Regular Session of 1918, and by Act No. 93, Extra Session of 1921. In all of the acts mentioned there is a specific grant of power to the city of New Orleans to sell a street when it is no longer necessary for the public use to which it was originally destined.

Act No. 93, Extra Session of 1921, is, in part, as follows:

"1. To order the ditching, filling, opening, widening, and paving of the public streets, and regulate the grade thereof, and, by a two-thirds vote to sell or change the destination of any street, sidewalk or other property which is no longer necessary for the public use to which it was originally destined," etc.

The power conferred by the several acts mentioned has been recognized and enforced by this court as a proper legislative grant of power. State ex rel. Ruddock Orleans Cypress Co. v. Knop, Sheriff, 147 La. 1057, 86 South. 493.

It may be noted here that City Ordinance No. 6819, C. C. S., directing the sale of the property situated at the intersection of South Broad, Washington avenue, and Eve street, was adopted on April 12, 1922, and that plaintiff did not acquire the three lots described in her petition until the 9th day of May, 1922. She was not the owner of any property in that vicinity when Ordinance 6819, C. C. S., was passed, and therefore could not have contested its passage. Wheth-

er or not her vendor had a servitude or easement in the street, or whether any contract he may have had with the city was impaired by the adoption of the ordinance, it is clear that he has not complained, and he transferred no such right to his vendee, the plaintiff.

It appears that the husband of the plaintiff first directed the attention of the commissioner of public property to the triangular piece of ground that was subsequently sold, and requested him to sell it, and when the knockdown price of the property was fixed at $100 plaintiff's son-in-law made the necessary deposit and concluded the negotiations with the city for the sale. It appears that the son-in-law was a bidder at the sale bidding approximately $1,000, and when finally outbid plaintiff's attorney formally protested the sale. Plaintiff's husband, while on the witness stand, admitted that he would have been satisfied if his wife's son-in-law had bought the property, provided it sold for $100. The oral testimony in the transcript begins at page 42 and ends on page 140.

It would serve no useful purpose to review it at length, but this very significant fact seems to have been established, viz.: That the sale would not have been protested if the plaintiff's son-in-law had been the successful bidder.

Plaintiff does not allege, and there is no testimony in the record showing, that Euterpe street is necessary for the public use. On the contrary, it is clearly shown that Euterpe street was never opened to traffic, and Hon. Wilbert Black, commissioner of Public property, testified that the commission council considered Euterpe street unnecessary for the public use, and ordered it sold.

[1] The opening or realignment or sale of streets are matters within the sound discretion of the commission council, functioning as the executive officers of the city.

[2] Act 93 of 1921 authorizes the sale of city streets when they cease to be necessary for public use. It does not prescribe the manner in which the sale shall be made nor does it require that the whole street be sold at one time, or that it be adjudicated to one buyer. The governing principle of the power to sell streets and to vacate streets is the same.

"A city may, under its statutory power to vacate streets, vacate only a portion of the streets." Brown v. San Francisco, 124 Cal. 274, 57 Pac. 82; State ex rel. Ruddock, Orleans Cypress Co. v. Knop, 147 La. 1066, 86 South. 493.

For these reasons we are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed, at appellant's costs.