McCALEB, Justice
(dissenting).
I, of course, agree with the fundamental principle stated in the majority opinion that a municipality has only such powers as delegated to it by the Legislature; that it has no right to alienate its property destined to public use, such as streets, sidewalks and the like, in the absence of special authority conferred upon it by the law and that a grant of general corporate power to purchase, hold, lease, transfer and convey real and personal property will not suffice. See annotation 141 A.L.R. 1447-1462.
However, it is my opinion that the provisions of Section 8(1) of the old City Charter of New Orleans, Act 159 of 1912, as amended by Act 338 of 1936, as finally amended by Act 378 of 1948, confers upon the City express and specific authority to *263 sell or otherwise dispose of the property involved in this case.
Section 8 of the City Charter deals with “Discretionary Powers of Council” and paragraph 1 thereof, which has been part of the Charter since the enactment of Act 159 of 1912, has, but for. slight changes unimportant to this case, been couched in the same verbiage as the original enactment. As amended by Act 378 of 1948, paragraph 1 of Section 8 confers upon the Commission Council the power “To order the ditching, filling, opening, widening, and paving of the public streets, and to- regulate the grade thereof, and, by a two-thirds vote to sell or change the destination of any street, side-walk or other property which is no longer necessary for the public use to which it was originally destined * * * ”. (Emphasis mine.)
Why the quoted provisions are not of a specific nature, the majority opinion does not disclose. Our predecessors did not entertain such a view for, in discussing this very Section of the Charter in the three cases heretofore reaching this tribunal, which involved the sale or exchange of public streets, the court had no difficulty in recognizing this provision to be an express grant of power by the Legislature. See State ex rel. Ruddock Orleans Cypress Co. v. Knop, 147 La. 1057, 86 So. 493, Schernbeck v. City of New Orleans, 154 La. 676, 98 So. 84 and State ex rel. Porterie v. Housing Authority of New Orleans, 190 La. 710, 182 So. 725, 733. In the last cited case it was said:
“ * * * The right of the City Council of New Orleans to sell streets which are no longer necessary for the public use to which they were originally destined has been recognized by this court. * * * The closing or selling of such streets rests within the sound discretion of the Commission Council.”
Hence, it appears that the majority view herein is in direct discord with the prior jurisprudence.[1]
Nor does the fact that this case does not involve the sale of a public street or sidewalk detract from the Council’s authority to dispose of the real estate for the above-quoted provisions, in addition to empowering the Council to sell its streets and sidewalks, broadly includes all other property [2] *265 when, by a two-thirds vote, it concludes that the property is no longer necessary for the public use to which it was originally destined. There is no room for the application of the doctrine of ejusdem generis in construing such a statutory provision because the words “or other property” following the authority given to sell any street or sidewalk necessarily embraces all other property formerly in public use save public parks and public squares, which are particularly covered by other provisions. The only characteristic by which “other property” may be likened to a street or a sidewalk is its identity of use, i. e., dedication as the common property of the inhabitants.
I apprehend that the ruling herein has placed in jeopardy the validity of any title which has been derived from the City of New Orleans under sales or exchanges founded on the authority of Section 8(1) of the old City Charter, Act 159 of 1912, as amended. Indeed, it may even affect titles to property sold by other municipalities under similar grants of power by the Legislature.
I respectfully dissent.

. See also Blocker v. City of New Orleans, 50 So.2d 498, wherein the Court of Appeal for the Parish of Orleans held that the City of New Orleans had authority to exchange certain property, known as “Union Square”, for other property to be transferred to it by the Orleans Parish School Board. That decision was inferentially approved by this court by denial of plaintiff’s application for a writ of certiorari or review.

. Excepting public parks and public squares, the destination of which cannot be changed, under special provisions contained in Section 8(1) of the statute, without the approval in writing of 70% of the property owners within a radius of 300 feet of such property. In this connection, it is to be noted that, whereas “Commerce Place” is twice referred to in the majority opinion as a public park and thrice termed a public square, *265 these descriptions were evidently given through inadvertence because there is nothing in the record, stipulation of facts or exhibits which characterizes the place either as a public park or a public square and it is not contended by anyone that the property has been destined or used for such purposes. Cf. Blocker v. City of New Orleans, La.App., 50 So.2d 498.