On Rehearing
PONDER, Justice.
We granted a rehearing in this case to reconsider our holding that the plaintiff could not compel the defendant to accept title to a piece of real estate designated as Commerce Place.
There were two questions presented in this case which were discussed at length in our original opinion, viz.: (1) Whether title to Commerce Place is vested in the City of New Orleans and (2) Whether the City enjoys the power and right to alienate this particular public property for private use.
Briefs have been filed as amicus curiae by the Committee on Title Examination of the New Orleans Bar Association wherein we are asked to clarify our interpretation of Section 8(1) of the Charter of the City of New Orleans as amended by Act 378 of 1948. Amicus curiae briefs have also been filed by the Cities of Alexandria, Baton Rouge, and Monroe, wherein it is stated that many transfers of property have taken place, under the authority of Act 314 of 1946, as incorporated in the LSA-Revised Statutes of 1950 as Title 33, Section 4712, whereby public property has been converted to private ownership, and that the import of our decision on original hearing leaves the validity of these titles in doubt.
We are still of the opinion that title to Commerce Place is vested in the City of New Orleans. Dedication of property is- *269 frequently connected with the sale of lots where the owner sells the lots under a plat wherein he designates certain portions thereof for public use. Sarpy v. Municipality No. 2., 9 La.Ann. 597, 61 Am.Dec. 221. As pointed out in our original opinion, the owner of the property sold lots with a plat attached to the various acts of sale wherein the property in dispute was designated as “Place du Commerce”. This clearly established a dedication of the property for public use. Woodcock v. City of New Orleans, 5 Cir., 222 F. 260, 138 C.C.A. 50; Town of Vinton v. Lyons, 131 La. 673, 60 So. 54. And this court in Heirs of David v. City of New Orleans, 16 La.Ann. 404, recognized the testimony of expert witnesses to the effect that the designation “Place” before a name denoted a public square.
The question that has given us most concern is whether or not the City has been granted express authority to sell property of this nature. The pertinent provision of the city charter reads as follows:
“To order the ditching, filling, opening, widening, and paving of the public streets, and to regulate the grade thereof, and, by a two-thirds vote to sell or change the destination of any street, side-walk or other property which is no longer necessary for the public use to which it was originally destined, or which is needed for public buildings or public utilities owned by the United States, the State of Louisiana or the City of New Orleans, or for the establishment of a railway union depot, or for the enlargement or extension of any hospital which the City of New Orleans utilizes in whole or in part for the care and treatment of destitute persons; provided that no designations of any property as a public park or public square, and no designation of any sidewalk or street adjacent to such public park or public square shall be changed without the approval in writing of seventy per cent (70%) of the property owners within a radius of three hundred (300) feet of such property, and provided further, however, that the Commission Council may by majority vote rededicate to street purposes any formerly dedicated street which now forms part of any public square, place or park.” Act 378 of'1948, Section 8(1).
It would appear that under the above quoted section of the city charter as amended, if Commerce Place is a public square or park, that its designation could not be changed without the approval of 70% of the adjoining property owners. No such written approval of the adjoining property owners was secured in this case and the city ordinance under which this sale was made is not based on the written approval of such adjoining property owners.
Section 8(1) of the city charter is express authority granted the city by the Legislature to change the designation of the *271 property. Schernbeck v. City of New Orleans, 154 La. 676, 98 So. 84; State ex rel. Porterie v. Housing Authority of New Orleans, 190 La. 710, 182 So. 725. We agree with the statement that public property cannot be alienated without legislative authority, and we are in accord with the authorities cited on original hearing in support of this pronouncement of law but we think that Section 8(1) of the city charter, as amended by Act 378 of 1948, is an express and specific authorization to change the character of public squares, no longer needed for public use, to that of private ownership. But this express authority is conditioned upon the city securing the written approval of the adjoining property owners for the reason that the property involved in this case (Commerce Place) was dedicated as a public square.
A “square” has been defined as an open area in a city or village left between streets at the intersection or formed by expansion, or treated as a park; in fact there is little distinction between a public square and a public park. 81 C.J.S., Square, page 841. “The word ‘square’ indicates a public use, either for purposes of a free passage, or to be ornamented and improved for grounds of pleasure, amusement, recreation, or health.” 39 Am.Jur., Verbo, Parks, Squares and Playgrounds, Section 2, page 804. In other words, a public square is a space of ground set apart for the use of the public.
It was argued that the issue in this case is whether or not the City has authority to sell Commerce Place under the provision of Section 8(1) of the city charter, as amended, authorizing the sale or change of the destination of any street or sidewalk or “other property” by a % vote of the city council. In deciding whether there was a dedication of Commerce Place it was necessary to determine its character and its specific designation. It being a public square, it could not be disposed of as “other property” because the charter requires the written approval of 70% of the property owners within a radius of 300 feet of such property in order to change its designation as a public square. Moreover, this court cannot ignore the designation of the property when it is apparent on the face of the record.
For the reasons assigned, our original decree dismissing the plaintiff’s suit is reinstated and hence plaintiff’s suit is dismissed.